EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Efraín Birriel Colón<br><br>Recurrido<br><br>v.<br><br>Supermercado Los Colobos (Econo Rial, Inc.) e Integrad Assurance Company<br><br>Peticionarios | Certiorari<br><br>2023 TSPR 120<br><br>213 DPR ___ |

Número del Caso: CC-2022-0660

Fecha: 3 de octubre de 2023

Tribunal de Apelaciones:

    Panel I (OAJP-2021-080E)

Abogado de la parte peticionaria:

    Lcdo. Darío Rivera Carrasquillo

Abogado de la parte recurrida:

    Lcdo. Ramón Díaz Gómez

Materia: Daños y perjuicios y Derecho de Seguros – Efecto sobre la interrupción del término prescriptivo contra un asegurado por el uso de prácticas engañosas que no se ajustan al principio de buena fe.

Este documento está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal Supremo. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Efraín Birriel Colón

      Recurrido

       v.                     CC-2022-660       *Certiorari*

Supermercado Los Colobos
(Econo Rial, Inc.) e Integrand
Assurance Company

      Peticionarios

El Juez Asociado Señor Feliberti Cintrón emitió la Opinión del Tribunal.

En San Juan, Puerto Rico, a 3 de octubre de 2023.

Hoy tenemos la oportunidad de expresarnos sobre una práctica desleal y engañosa que se está dando en la industria de seguros y que es perjudicial para la ciudadanía. En particular, la controversia del presente caso nos permite manifestarnos sobre el principio de la buena fe en el trámite de las negociaciones extrajudiciales entre un tercero perjudicado y una aseguradora, así como su efecto sobre la interrupción del término prescriptivo en una acción de daños y perjuicios en contra del asegurado.

Por los fundamentos que discutiremos a continuación, nos reiteramos en lo resuelto en <u>Velilla v. Pueblo Supermarkets, Inc.</u>, 111 DPR 585 (1981) y

reafirmamos que un asegurado (aquí demandado-peticionario) no podrá invocar la defensa de prescripción contra una parte perjudicada (aquí demandante-recurrido) cuando esta última haya sido inducida a creer por dicho asegurado que la aseguradora actuaba como su representante en las negociaciones extrajudiciales que mantenían viva su causa de acción. A continuación, relatamos el historial procesal relevante al caso que nos ocupa.

**I**

El **25 de febrero de 2020**, el Sr. Efraín Birriel Colón (parte recurrida) presentó ante el Tribunal de Primera Instancia una *Demanda* sobre daños y perjuicios en contra de Supermercado Econo Los Colobos (Econo o parte peticionaria) y su aseguradora, Integrand Assurance Company (Integrand o aseguradora). Éste sostuvo que, el **11 de mayo de 2018**, sufrió una caída al resbalar sobre un charco de agua mientras realizaba sus compras en el supermercado. Como resultado de este incidente, alegó que recibió golpes en su cuerpo que requirieron tratamiento médico y que se ausentara de su trabajo por más de setenta y seis (76) semanas. Así pues, la parte recurrida afirmó que su caída ocurrió debido a la negligencia de Econo y aseveró haberle entregado a Integrand los documentos médicos pertinentes para el trámite de seguro. No obstante, indicó que la aseguradora no había atendido su reclamo, a pesar de haberlo entrevistado y tener pleno conocimiento de lo sucedido.

El 15 de julio de 2020, Econo presentó ante el tribunal de instancia una *Moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil*. En resumen, la parte peticionaria alegó que la representación legal del señor Birriel Colón le envió una carta el **27 de agosto de 2018**, mediante la cual le informó del incidente, los daños reclamados y la compensación solicitada. Planteó que el periodo prescriptivo de un (1) año comenzó a transcurrir desde esa fecha y que no recibió ninguna otra comunicación relacionada al asunto de la caída que interrumpiera dicho término. Por consiguiente, Econo solicitó la desestimación del pleito bajo el fundamento de que la causa de acción presentada en su contra prescribió el **27 de agosto de 2019**.

Por otro lado, el señor Birriel Colón presentó una *Réplica a moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil*. En síntesis, sostuvo que la alegación en cuanto a la falta de comunicación después de la carta del 27 de agosto de 2018 carecía de veracidad, pues se dieron conversaciones que se extendieron más allá de esa fecha. En particular, la parte recurrida expuso lo siguiente:

(a)  La caída de[l] [señor Birriel Colón] fue el 11 de mayo de 2018 [y] se le reportó a Econo ese mismo día[.]

(b)  El 27 de agosto de 2018, el abogado que suscribe le escribió a Econo reclamando por dicha caída.

(c)  El 1 de octubre de 2018[,] Jocelyne González, ajustadora de Integrand Assurance Company, nos contestó dicha carta

y solicitó una cita para reunirse con el [señor] Birriel Colón.

(d)    El 24 de octubre de 2018[,] la ajustadora González me cursó una nueva comunicación.

(e)    El 14 de noviembre de 2018, la señora González, volvió a escribir al suscribiente.

(f)    El 13 de diciembre de 2018, la ajustadora y el abogado que suscribe acordamos la cita del señor Birriel Colón para el 10 de enero de 2019 a las 10:00 a.m. en nuestra oficina.

(g)    El 10 de enero de 2019, la ajustadora, el demandante y el abogado que suscribe nos reunimos en nuestras oficinas y allí se [l]e tomó declaración al [señor] Birriel [Colón].

(h)    El 5 de febrero de 2019[,] la ajustadora me volvió a escribir.

(i)    El 17 de junio de 2019, el abogado que suscribe le contestó la carta de la ajustadora[.]

(j)    El 25 de febrero de 2020, se radicó la demanda.[1]

Consecuentemente, el señor Birriel Colón argumentó que el término prescriptivo comenzó a transcurrir nuevamente el **17 de junio de 2019**, por lo que la *Demanda* presentada el 25 de febrero de 2020 no estaba prescrita. Después de examinar ambos escritos, el 24 de agosto de 2020, el foro primario proveyó no ha lugar a la *Moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil* presentada por Econo. Inconforme, la parte peticionaria presentó una

---

[1]    Véase *Réplica a moción de desestimación bajo la Regla 10.2 de las de Procedimiento Civil*, Apéndice del *certiorari*, págs. 917-918.

moción de reconsideración, la cual fue declarada no ha lugar mediante una *Resolución* del 10 de septiembre de 2020.

En desacuerdo con la determinación del tribunal de instancia, Econo presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. Sin embargo, el foro apelativo intermedio determinó que la parte peticionaria presentó su solicitud de reconsideración ante el foro de instancia a un (1) día de vencido el término que dispone nuestro ordenamiento jurídico para ello. Por consiguiente, mediante una *Resolución* emitida el 13 de noviembre de 2020 y notificada el 18 de noviembre de 2020, el tribunal apelativo intermedio desestimó el recurso de *certiorari* por falta de jurisdicción.

Luego de varios trámites procesales, entre los cuales figura la correspondiente *Contestación a demanda* presentada por Econo,[2] la parte peticionaria presentó una moción de sentencia sumaria el 1 de abril de 2022. En esencia, Econo reiteró que no recibió comunicación alguna después de la carta del 27 de agosto de 2018. De igual forma, expuso que de la póliza expedida no surgía un pacto de solidaridad con su aseguradora y que el señor Birriel Colón debió efectuar gestiones en cuanto a ambos para interrumpir el periodo prescriptivo. Por ende, Econo reafirmó que la acción judicial instada en su contra estaba prescrita.

---

[2] En su contestación a la demanda, Supermercado Econo Los Colobos invocó la defensa de prescripción. Véase *Contestación a demanda*, Apéndice del *certiorari*, pág. 1345.

Por otro lado, la parte recurrida presentó un escrito en oposición a la solicitud de sentencia sumaria. Allí planteó que, luego de la carta del 27 de agosto de 2018, la aseguradora actuó en representación de Econo a través de sus comunicaciones. Específicamente, el señor Birriel Colón sostuvo que Integrand manifestó haber recibido de Econo la carta en cuestión y la encomienda de manejar su reclamación. De esta forma, destacó que la aseguradora le solicitó varios documentos, inició la investigación de su reclamación y requirió reunirse con éste para entrevistarle. Además, señaló que el asunto de la prescripción constituía cosa juzgada y que la determinación a tales efectos se convirtió en la ley del caso.

Luego de una réplica presentada por la parte peticionaria, el 26 de mayo de 2022, el Tribunal de Primera Instancia emitió una *Resolución* mediante la cual proveyó no ha lugar a la solicitud de sentencia sumaria presentada por Econo. El tribunal de instancia hizo constar los hechos no controvertidos y determinó que la doctrina de la ley del caso era inaplicable, pues la denegatoria del foro apelativo intermedio no implicaba una ausencia de error ni una adjudicación en los méritos. Sobre la discusión en torno a si las comunicaciones cursadas entre Integrand y el señor Birriel Colón interrumpieron el término prescriptivo en cuanto a Econo, el foro primario razonó que la controversia implicaba elementos subjetivos que impedían la concesión de la solicitud de sentencia sumaria. Insatisfecho, Econo

presentó una moción de reconsideración, la cual fue denegada mediante una *Resolución* emitida el 8 de junio de 2022 y notificada el 9 de junio de 2022.

Aún en desacuerdo, el 11 de julio de 2022, la parte peticionaria presentó un recurso de *certiorari* ante el Tribunal de Apelaciones. En resumen, adujo los mismos argumentos y precisó que las comunicaciones presentadas en evidencia sólo demostraban que la aseguradora respondió las cartas que le fueron enviadas. En ese sentido, Econo alegó que, en ausencia de evidencia alguna que respaldara que Integrand fungía como su representante cuando contestaba las comunicaciones del señor Birriel Colón, procedía declarar con lugar la solicitud de sentencia sumaria por la prescripción de la causa de acción en su contra.

Así las cosas, mediante una *Resolución* emitida el 16 de agosto de 2022 y notificada el 17 de agosto de 2022, el Tribunal de Apelaciones denegó expedir el auto de *certiorari* solicitado. El foro apelativo intermedio determinó que Econo no logró establecer su derecho con claridad, "pues del récord judicial surge claro que, como razonó el Tribunal de Primera Instancia, existe controversia acerca de si Integrand representó actuar en nombre de Econo con la consecuencia de provocar la interrupción del período prescriptivo de la causa, lo cual impide disponer sumariamente del caso y, por el contrario, requiere un

juicio plenario".[3]  Luego, la parte peticionaria presentó una *Moción de reconsideración* que fue denegada por el tribunal apelativo intermedio el 7 de septiembre de 2022.

Aún inconforme, Econo compareció el 4 de octubre de 2022 ante este Tribunal mediante un recurso de *certiorari* y expuso como único señalamiento de error el siguiente:

> Erró el honorable Tribunal de Apelaciones al determinar que el [Tribunal de Primera Instancia] no incidió al declarar no ha lugar la solicitud de sentencia sumaria y la moción de reconsideración por el fundamento de prescripción cuando es incontrovertible que no existe una sola comunicación entre el recurrido y la peticionaria u otro acto de interrupción dentro del año anterior a la [presentación] de la demanda, no hay evidencia de una relación de agente, ni solidaridad entre los demandados.

Mediante una *Resolución* emitida el 8 de diciembre de 2022 y notificada el 9 de diciembre de 2022, expedimos el recurso de *certiorari* solicitado.  Posteriormente, a requerimiento de Econo, acogimos su petición de *certiorari* como su alegato mediante nuestra *Resolución* del 30 de enero de 2023.  Además, le concedimos a la parte recurrida un término de treinta (30) días para presentar su alegato.  Así, el señor Birriel Colón presentó su alegato el 28 de febrero de 2023 y el presente caso quedó sometido en los méritos el 8 de marzo de 2023.

Contando con el beneficio de las referidas comparecencias, resolvemos.

---

[3]  *Resolución* del Tribunal de Apelaciones, Apéndice del *certiorari*, pág. 4.

## II

**A. La moción de sentencia sumaria**

En múltiples ocasiones hemos manifestado que la moción de sentencia sumaria es un mecanismo procesal que posibilita la ágil disposición de casos sin la celebración de un juicio, siempre que no presenten controversias genuinas de hechos materiales. Segarra Rivera v. Int'l. Shipping *et al.*, 208 DPR 964, 979 (2022); SLG Fernández-Bernal v. RAD-MAN *et al.*, 208 DPR 310, 334 (2021); Zambrana García v. ELA *et al.*, 204 DPR 328, 341 (2020). Para esto, la parte promovente debe establecer su derecho con claridad y demostrar que no existe una controversia sustancial o real en cuanto a algún hecho material. Meléndez González *et al.* v. M. Cuebas, 193 DPR 100, 110 (2015).

Por su parte, quien se opone a la solicitud de sentencia sumaria deberá refutar los hechos materiales que entiende están en disputa con evidencia sustancial. SLG Fernández-Bernal v. RAD-MAN *et al.*, *supra*, págs. 336-337. Por tanto, "[c]uando la moción de sentencia sumaria está sustentada con declaraciones juradas o con otra prueba, la parte que se opone no puede descansar en meras alegaciones". Ramos Pérez v. Univisión, 178 DPR 200, 215 (2010). No obstante, el hecho de que no se presente prueba para controvertir la evidencia presentada por la parte promovente no conduce a la concesión de una moción de sentencia sumaria automáticamente. SLG Fernández-Bernal v. RAD-MAN *et al.*, *supra*, pág. 337.

Según lo dispuesto en la Regla 36.3(e) de Procedimiento Civil, 32 LPRA Ap. V, procede dictar sentencia sumaria si las alegaciones, deposiciones, contestaciones a interrogatorios y admisiones ofrecidas, así como las declaraciones juradas y alguna otra evidencia, si las hubiese, confirman la inexistencia de una controversia real y sustancial sobre algún hecho esencial y pertinente, y si el derecho aplicable así lo justifica. SLG Zapata-Rivera v. J.F. Montalvo, 189 DPR 414, 430 (2013). De la prueba que acompaña la solicitud de sentencia sumaria debe surgir preponderantemente la inexistencia de controversias sobre los hechos medulares del caso. Aponte Valentín *et al.* v. Pfizer Pharm., 208 DPR 263, 277 (2021); Zambrana García v. ELA *et al.*, *supra*, págs. 341-342; Jusino *et als*. v. Walgreens, 155 DPR 560, 577 (2001). De esta forma, la moción de sentencia sumaria procederá si el juzgador queda claramente convencido de que tiene ante sí, de forma no controvertida, todos los hechos materiales pertinentes y que una vista en los méritos es innecesaria. SLG Fernández-Bernal v. RAD-MAN *et al.*, *supra*, pág. 337.

Por último, los tribunales revisores se encuentran en la misma posición que el Tribunal de Primera Instancia para determinar si procede una sentencia sumaria. Aponte Valentín *et al.* v. Pfizer Pharm., *supra*, pág. 278; Rivera Matos *et al.* v. Triple-S *et al.*, 204 DPR 1010, 1025 (2020); Meléndez González *et al.* v. M. Cuebas, *supra*, pág. 115. Ahora bien, los tribunales apelativos estamos

limitados a: (1) considerar los documentos que se presentaron ante el foro de primera instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, y (3) comprobar si el derecho se aplicó de forma correcta. Segarra Rivera v. Int'l. Shipping *et al.*, *supra*, pág. 981; Meléndez González *et al*. v. M. Cuebas, *supra*, págs. 114-116. En armonía con lo anterior, la revisión del foro apelativo conlleva examinar *de novo* el expediente de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el tribunal de instancia y realizando todas las inferencias permisibles a su favor. Meléndez González *et al*. v. M. Cuebas, *supra*, pág. 118.

## B. El Código de Seguros, el Reglamento Núm. 2080 y las prácticas desleales

La industria de seguros en Puerto Rico está investida de un alto interés público, por lo cual se encuentra rigurosamente reglamentada mediante la Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como el Código de Seguros de Puerto Rico (Código de Seguros), 26 LPRA sec. 101 *et seq.*, y también se rige por las disposiciones del Código Civil como fuente de derecho supletorio. San Luis Center Apts. *et al.* v. Triple-S, 208 DPR 824, 832 (2022). SLG Albert-García v. Integrand Asrn., 196 DPR 382, 389 (2016). De igual forma, hemos destacado que "[la] relación contractual entre las aseguradoras y los asegurados se da en el marco de un deber de actuar de buena fe entre las partes". Consejo Titulares v. MAPFRE, 208 DPR 761, 773-774

(2022). En ese sentido, los contratantes no sólo se encuentran obligados al cumplimiento de lo expresamente pactado, sino también a todas las consecuencias que, según su naturaleza, sean conformes a la buena fe, al uso y a la ley. Art. 1210 del Código Civil de 1930, 31 LPRA ant. sec. 3375.**4**

En esa misma línea, en nuestro ordenamiento existen preceptos estatutarios y reglamentarios que se han ido ajustando a las nuevas prácticas de la industria de seguros para proteger a los consumidores contra "**métodos desleales de competencia, o actos o prácticas injustas, engañosas y hasta fraudulentas, que no sólo perjudican al consumidor de seguro, sino también a la economía del país y a la sociedad en general**". (Negrilla suplida). Véase Exposición de Motivos de la Ley Núm. 230-2008 (2008 [parte 2] Leyes de Puerto Rico 1301). De hecho, desde hace mucho tiempo, el Código de Seguros ha definido, regulado y prohibido ciertas prácticas en el negocio de seguros que representan actos desleales o engañosos. Consejo Titulares v. MAPFRE, *supra*, págs. 774-775.

Específicamente, el Art. 27.161 del Código de Seguros, 26 LPRA sec. 2716a, presenta un listado de prácticas desleales en el ajuste de las reclamaciones. Íd. Entre algunas de estas prácticas se encuentran "**[h]acer falsas**

---

**4** Valga señalar que los hechos del caso y la presentación del pleito ante nuestra consideración ocurrieron durante la vigencia del Código Civil de 1930, 31 LPRA ant. sec. 1 *et seq.*, por lo cual nos referimos a sus disposiciones en esta Opinión.

**representaciones de los hechos** o de los términos de una póliza, relacionados con una cubierta en controversia" y **"[n]o intentar de buena fe de llevar a cabo un ajuste rápido, justo y equitativo de una reclamación de la cual surja claramente la responsabilidad"**. (Negrilla suplida). Art. 27.161 del Código de Seguros, 26 LPRA secs. 2716a(1) y 2716a(6).

Por otra parte, el Art. 7(f)(1) del Reglamento del Código de Seguros, Reglamento Núm. 2080 de 6 de abril de 1976 (Reglamento Núm. 2080), establece que **dejar de proveer a los reclamantes** los formularios de reclamación, **adecuada orientación** y asistencia a los asegurados **constituye un acto o práctica engañosa de las enumeradas en el Art. 27.161 del Código de Seguros**, *supra*. Finalmente, cabe destacar que la referida reglamentación no excluye que otros actos que no se encuentren allí especificados constituyan una violación al Art. 27.161 del Código de Seguros, *supra*. Véase Art. 1 del Reglamento Núm. 2080, *supra*.

## C. La prescripción

El Art. 1802 del Código Civil de 1930, 31 LPRA ant. sec. 5141, dispone que aquel que cause un daño a otro por culpa o negligencia, deberá repararlo. Por otra parte, el Art. 1868 del Código Civil de 1930, 31 LPRA ant. sec. 5298, establece que las acciones de daños y perjuicios por culpa o negligencia a las que se refiere el Art. 1802, *supra*, cuentan con un término prescriptivo de un (1) año. Por lo tanto, de no interrumpirse este plazo, la causa de acción

para exigir la referida responsabilidad civil prescribe al transcurrir un (1) año desde que lo supo la persona agraviada. Vera v. Dr. Bravo, 161 DPR 308, 322 (2004).

Por otro lado, nuestro ordenamiento en materia de seguros le permite a una persona perjudicada presentar una acción directamente contra una aseguradora para reclamar el pago de los daños y perjuicios causados por el asegurado. Véanse: Arts. 20.010 y 20.030 del Código de Seguros, 26 LPRA secs. 2001 y 2003. Sobre este particular, hemos resuelto que el término prescriptivo para presentar las acciones de daños y perjuicios contra las entidades aseguradoras también es de un (1) año. Ruiz Millán v. Maryland Cas. Co., 101 DPR 249, 251 (1973). Esto se debe a que -a pesar de tratarse de una acción directa, separada y distinta- "lo cierto es que la responsabilidad de uno y otra emana del mismo Art. 1802 del Código Civil". Íd., pág. 250.

Así, al examinar las disposiciones del Código de Seguros, una persona que reclama daños por la presunta negligencia de un asegurado cuenta con tres (3) opciones diferentes para dirigir su causa de acción, a saber: (1) demandar a la aseguradora; (2) demandar al asegurado, o (3) demandar a ambos conjuntamente. SLG Albert-García v. Integrand Asrn., supra, pág. 393; Neptune Packing Corp. v. Wackenhut Corp., 120 DPR 283, 289 (1988). De este modo, "la elección hecha por un demandante al instar su reclamación determina los requisitos que vendrá obligado a cumplir y las

defensas a que estará aquél sujeto". <u>Cortés Román v. E.L.A.</u>, 106 DPR 504, 516 (1977).

Como es conocido, la prescripción extintiva es una figura de derecho sustantivo que extingue el derecho a ejercer cierta causa de acción por la inacción de una parte durante un tiempo determinado. <u>Nevárez Agosto v. United Surety</u> *et al.*, 209 DPR 346, 356 (2022); <u>Cacho González</u> *et al.* v. <u>Santarrosa</u> *et al.*, 203 DPR 215, 228 (2019); <u>Fraguada Bonilla v. Hosp. Aux. Mutuo</u>, 186 DPR 365, 372-373 (2012). El propósito de este precepto jurídico es castigar la inercia y estimular el rápido ejercicio de las acciones. <u>Íd.</u>, pág. 373.

Así pues, en nuestro ordenamiento jurídico, se parte de la idea de que las reclamaciones válidas se ejercen oportunamente, por lo que una persona no debe estar sujeta a la incertidumbre de una posible reclamación de forma indefinida y en estado de indefensión como consecuencia del paso del tiempo y la pérdida de la prueba. <u>Maldonado Rivera v. Suárez y otros</u>, 195 DPR 182, 192-193 (2016). De esta forma, se atiende la necesidad de que exista estabilidad y seguridad tanto en las relaciones jurídicas como en el tráfico jurídico. <u>Cacho González</u> *et al.* v. <u>Santarrosa</u> *et al.*, *supra*, pág. 228; <u>Maldonado Rivera v. Suárez y otros</u>, *supra*, pág. 192.

Cabe señalar que, por lo general, el asegurador y el asegurado no responden solidariamente ante las personas perjudicadas, puesto que "[p]ara que exista solidaridad

entre una compañía aseguradora y el asegurado, ello debe surgir claramente del contrato de seguros". Gen. Accid. Ins. Co. P.R. v. Ramos, 148 DPR 523, 537 (1999). Por consiguiente, ante la inexistencia de solidaridad entre una aseguradora y su asegurado, la persona perjudicada deberá interrumpir el término prescriptivo individualmente frente a cada uno si desea dirigir una causa de acción en contra de ambos. Íd., pág. 538.

Con relación al receptor del acto interruptivo, el reconocido tratadista Luis Díez-Picazo comenta que "[como] regla general, los actos de interrupción de la prescripción, emanados del sujeto activo del derecho en prescripción, tienen como lógico destinatario al sujeto pasivo de tal derecho". L. Díez-Picazo y Ponce de León, *La prescripción extintiva: en el Código Civil y en la jurisprudencia del Tribunal Supremo*, 2da ed., Pamplona, Ed. Aranzadi, 2007, pág. 149. Ahora bien, "**no es discutible que [los actos interruptivos] pueden dirigirse a un representante legal o voluntario del mismo**". Íd. El mencionado tratadista nos dice que, para precisar si una reclamación frente a quien corresponda puede surtir efectos en cuanto a otras personas a las que no vaya expresamente dirigida, se pueden evaluar factores como: **(1) la suficiencia del esfuerzo que el interruptor debe realizar para determinar el sujeto pasivo de su pretensión, y (2) si el acto de interrupción hubiera llegado o podido llegar normalmente a ser conocido por los afectados.** Íd., pág. 150. También menciona que **la buena**

**fe constituye un criterio necesario para valorar el acto de interrupción de la prescripción en sí mismo y su potencial eficacia para producir el efecto interruptivo.** Íd.

Hemos reconocido que el término prescriptivo de las acciones puede ser interrumpido por: (1) el ejercicio de la acción judicial correspondiente; **(2) la reclamación extrajudicial**, y (3) el reconocimiento de la deuda por parte del deudor. Art. 1873 del Código Civil de 1930, 31 LPRA ant. sec. 5303. Véase, además, Nevárez Agosto v. United Surety _et al._, _supra_, pág. 357. En lo pertinente a la controversia del presente caso, "**[l]os propósitos principales de una reclamación extrajudicial son 'interrumpir el transcurso del término prescriptivo de las acciones; fomentar las transacciones extrajudiciales, y notificar, a grandes rasgos, la naturaleza de la reclamación'**". (Negrilla suplida). Cacho González _et al._ v. Santarrosa _et al._, _supra_, pág. 228 (citando a De León v. Caparra Center, 147 DPR 797, 803 (1999)). Asimismo, para que una reclamación extrajudicial sea efectiva debe cumplir con lo siguiente: (1) ser oportuna; (2) ser presentada por una persona con legitimación; (3) el medio utilizado para hacer la reclamación debe ser idóneo, y (4) existir identidad entre el derecho reclamado y el afectado por la prescripción. Díaz Santiago v. International Textiles, 195 DPR 862, 870 (2016).

Por otra parte, "hemos destacado que para que surta un efecto interruptor, la reclamación extrajudicial debe ser

una *manifestación inequívoca* de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo". (Énfasis en el original). Meléndez Guzmán v. Berríos López, 172 DPR 1010, 1020 (2008). Véase, además, J. Puig Brutau, *Caducidad, prescripción extintiva y usucapión*, 3ra ed., Barcelona, Ed. Bosch, 1996, pág. 104. Fundamentalmente, **"han de valorarse como reclamación cualesquiera actos que rompen el llamado silencio de la relación jurídica, que sean contrarios a la dejación o abandono del derecho y que hagan, por consiguiente, injusto que el sujeto pasivo pueda quedar beneficiado por el transcurso del tiempo"**. (Negrilla suplida). Díez-Picazo, *op. cit.*, págs. 184-185.

Conviene subrayar que "*la prescripción no es una figura rígida sino que la misma admite ajustes judiciales, según sea requerido por las circunstancias particulares de los casos y la noción de lo que es justo*". (Énfasis en el original). Santiago v. Ríos Alonso, 156 DPR 181, 189-190 (2002). A manera de ejemplo, en una situación similar a la del caso ante nos, este Tribunal revocó un dictamen mediante el cual se desestimó una acción de daños y perjuicios por presuntamente encontrarse prescrita. Véase Velilla v. Pueblo Supermarkets, Inc., 111 DPR 585 (1981). En el citado caso, la empresa demandada refirió la reclamación de la parte demandante a una compañía ajustadora independiente y le hizo creer que esta última le representaba. Íd., pág. 587. En consecuencia, allí precisamos que **"el principio de la buena fe no da lugar a la utilización del**

**derecho a la defensa de prescripción cuando el derecho surge de omisiones de la otra parte causadas, parcial pero significativamente, por la propia conducta de la actora".** (Negrilla suplida). Íd., pág. 588. También señalamos que la doctrina de los propios actos,[5] así como la del abuso del derecho, impedían que la parte demandada invocara exitosamente la defensa de prescripción. Íd. Por ende, resolvimos que las reclamaciones extrajudiciales de la parte demandante durante el proceso de negociación con los ajustadores tuvieron el efecto de interrumpir el periodo prescriptivo de la causa de acción contra la empresa demandada. Íd.

Expuesta la normativa jurídica aplicable, procedemos a resolver la controversia presentada.

### III

En su único señalamiento de error, la parte peticionaria plantea que el tribunal apelativo intermedio erró al no expedir el recurso de *certiorari* para revocar la *Resolución* del tribunal de instancia mediante la cual declaró no ha lugar su solicitud de sentencia sumaria. De esta manera, solicita la desestimación de la causa de acción en su contra bajo el fundamento de prescripción. Veamos.

---

[5] Hemos expresado que "el contenido de la norma de que a nadie es lícito ir contra los actos propios tiene fundamento y raíz en el principio general de derecho que ordena proceder de buena fe en la vida jurídica". (Negrilla suprimida). Aponte Valentín *et al.* v. Pfizer Pharm., 208 DPR 263, 287 (2021).

Econo aduce que no hay duda de que la caída del señor Birriel Colón ocurrió el 11 de mayo de 2018. Incluso, concede que el representante legal de la parte recurrida interrumpió el término prescriptivo de la reclamación en su contra mediante la carta del 27 de agosto de 2018. No obstante, expone que luego de esta comunicación, no recibió ninguna otra reclamación extrajudicial -ni por cualquier otro método- que interrumpiera el término prescriptivo, por lo que la causa de acción que se instó en su contra el 25 de febrero de 2020 se encontraba prescrita desde el 27 de agosto de 2019.

La parte peticionaria también alega que no se presentó ningún tipo de evidencia para sustentar que Integrand actuó como su representante frente al señor Birriel Colón en las comunicaciones que éstos intercambiaron posteriormente, de manera que dichas gestiones tuvieran el efecto de interrumpir el término prescriptivo de la causa de acción en su contra. Del mismo modo, Econo sostiene que las gestiones realizadas por el señor Birriel Colón para interrumpir el término prescriptivo contra Integrand no surtieron efecto en su contra, pues del contrato de seguro no surge un pacto de solidaridad entre éste y su aseguradora.

La parte recurrida, por otro lado, alega que la causa de acción en contra de Econo no está prescrita. El señor Birriel Colón indica que, el 27 de agosto de 2018, su representante legal le envió una carta a la parte peticionaria para interrumpir el término prescriptivo y que

Econo, a su vez, le refirió esa carta a su aseguradora para que manejara la reclamación. Según arguye la parte recurrida, Integrand le informó, mediante una comunicación del 1 de octubre de 2018,[6] que su reclamación le había sido referida por Econo para el manejo correspondiente.

Particularmente, la primera comunicación de la aseguradora a la cual el señor Birriel Colón hace referencia lee como sigue:

> INTEGRAND Assurance Company es la compañía aseguradora de Supermercado Econo Los Colobos. **Su comunicación del 27 de agosto de 2018 dirigida a nuestro asegurado nos ha sido referida para el manejo correspondiente.**
>
> Le informamos que hemos iniciado una investigación con relación a los hechos. Como parte del proceso, agradeceremos nos facilite toda la prueba que sustente los daños y nos devuelva los formularios de autorización médica aquí anejados debidamente cumplimentados por su cliente. Favor de incluir una lista con los nombres de los médicos e instituciones que le han brindado tratamiento.
>
> Le solicitamos también se comunique con nosotros con el propósito de coordinar una cita a fines de entrevistar a su representado. (Negrilla suplida).[7]

Luego, el 24 de octubre de 2018, la aseguradora le envió a la parte recurrida una segunda carta en la que expresó lo siguiente:

> Hacemos referencia a nuestra comunicación del 27 de agosto de 2018, en la que le solicitamos nos proveyera la prueba médica que sustente los daños y que se comunicara con

---

[6] Las comunicaciones fueron cursadas por Integrand Assurance Company, por conducto de una ajustadora de seguros.

[7] Carta de Integrand Assurance Company del 1 de octubre de 2018, Apéndice del *certiorari*, pág. 1359.

> nosotros para coordinar una cita. Al día de hoy no hemos recibido respuesta de su parte a nuestra solicitud.
>
> De no recibir comunicación suya en o antes del próximo 14 de noviembre de 2018 estaremos cerrando nuestro expediente. Una vez provea lo solicitado consideraremos reabrir el mismo. **Le informamos que el Código Civil de Puerto Rico dispone que de no ser interrumpida antes, su acción prescribe por el transcurso de un año, en este caso a partir de la fecha en que formalizó la misma con nosotros**. (Negrilla y subrayado suplidos).[8]

Después de varios intercambios entre Integrand y el señor Birriel Colón,[9] el 17 de junio de 2019, este último le envió una comunicación a la aseguradora y finalmente presentó la *Demanda* el 25 de febrero de 2020 en contra de Econo e Integrand. Por ende, la parte recurrida razona que la causa de acción en contra de la parte peticionaria no está prescrita, ya que Econo lo indujo -con sus propios actos- a continuar las comunicaciones sobre la reclamación con su aseguradora. Coincidimos con esta apreciación.

De entrada, hoy pautamos que, a tenor con el Art. 27.161 del Código de Seguros, *supra*, y el Reglamento Núm. 2080, *supra*, esta conducta representa una práctica desleal y engañosa para aquellas personas perjudicadas que proceden

---

[8]  Carta de Integrand Assurance Company del 24 de octubre de 2018, Apéndice del *certiorari*, pág. 1360.

[9]  El 14 de noviembre de 2018, Integrand volvió a comunicarse con el Sr. Efraín Birriel Colón; el 13 de diciembre de 2018, Integrand y el señor Birriel Colón coordinaron una reunión; el 10 de enero de 2019, el señor Birriel Colón ofreció su declaración durante la reunión; el 5 de febrero de 2019, Integrand le envió otra carta al señor Birriel Colón solicitándole que facilitara la prueba médica correspondiente tan pronto culminara su tratamiento médico. Apéndice del *certiorari*, págs. 1361-1365.

de buena fe con el trámite de sus reclamaciones. De igual forma, resaltamos que cuando se trata de reclamaciones extrajudiciales, éstas deben cumplir con los requisitos necesarios para interrumpir el término prescriptivo y mantener viva la causa de acción contra quien desee ejercerla. No obstante, en situaciones como la de autos, refrendamos nuestro rechazo al uso de prácticas engañosas para cerrarle las puertas de los tribunales -bajo la figura de la prescripción- a las personas perjudicadas que promueven sus reclamaciones diligentemente.

Según indicáramos, algunos factores que se pueden tomar en consideración para determinar si una reclamación frente a quien corresponda puede surtir efectos en cuanto a otras personas a las que no fue expresamente dirigida son: (1) la suficiencia del esfuerzo que el interruptor debe realizar para determinar el sujeto pasivo de su pretensión, y (2) si el acto de interrupción hubiera llegado o podido llegar normalmente a ser conocido por los afectados. Igualmente, puntualizamos que el principio de la buena fe constituye un criterio imprescindible para evaluar la eficacia del acto interruptivo. A la luz de estos criterios, pasamos a evaluar la controversia que nos ocupa.

Claramente, no está en controversia que, luego de la caída que sufrió la parte recurrida el 11 de mayo de 2018, el representante legal de éste interrumpió el término prescriptivo de la reclamación contra Econo mediante la carta del 27 de agosto de 2018. Ahora bien, según surge de

la correspondencia que obra en autos, a causa de la propia conducta desplegada por Econo e Integrand posteriormente se produjo una creencia razonable de que la aseguradora estaría actuando en representación de Econo en el curso de las negociaciones extrajudiciales. En ese sentido, aun cuando el señor Birriel Colón no se comunicó con posterioridad directamente con Econo durante el año previo a la presentación de la demanda, la parte peticionaria conocía que la parte recurrida se encontraba en negociaciones con su aseguradora para llegar a un posible acuerdo extrajudicialmente.

Habiéndose generado la apariencia de representación antes descrita, no es posible atribuirle de manera concluyente al señor Birriel Colón un abandono de su causa de acción contra Econo. De hecho, las comunicaciones del señor Birriel Colón con Integrand demuestran la voluntad inequívoca de mantener con vida su derecho a ejercer la acción judicial correspondiente. Consecuentemente, reafirmamos que el principio general de la buena fe proscribe la utilización de la defensa de prescripción en casos como el presente. Véase Velilla v. Pueblo Supermarkets, Inc., *supra*.

Por último, consideramos que el argumento sobre la falta de un pacto de solidaridad entre Econo y su aseguradora resulta inmeritorio para fines de nuestro análisis. **El efecto de la interrupción de la prescripción en este caso no está predicado en el concepto de la solidaridad, sino que**

**-como ya indicamos- se cimienta sobre el principio de la buena fe que permea todo nuestro acervo jurídico.** Por lo tanto, tras examinar rigurosamente el expediente *de novo*, concluimos que los reclamos extrajudiciales efectuados oportunamente contra Integrand, incluyendo el último realizado **el 17 de junio de 2019,** tuvieron el efecto de interrumpir el término prescriptivo contra la parte peticionaria y, por lo tanto, resolvemos que la causa de acción en cuestión no se encuentra prescrita.

**IV**

Por los fundamentos que anteceden, confirmamos la *Resolución* emitida por Tribunal de Apelaciones el 16 de agosto de 2022 y devolvemos el caso al Tribunal de Primera Instancia para que continúe los procedimientos conforme a lo resuelto en esta Opinión.

Se dictará *Sentencia* en conformidad.


ROBERTO FELIBERTI CINTRÓN
Juez Asociado

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Efraín Birriel Colón

    Recurrido

      v.                   CC-2022-660       *Certiorari*

Supermercado Los Colobos
(Econo Rial, Inc.) e Integrand
Assurance Company

    Peticionarios


SENTENCIA

En San Juan, Puerto Rico, a 3 de octubre de 2023.

Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte íntegra de la presente Sentencia, se confirma la Resolución emitida por el Tribunal de Apelaciones el 16 de agosto de 2022. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para la continuación de los procedimientos en conformidad con lo dispuesto en la Opinión.

Lo acordó el Tribunal y certifica el Secretario del Tribunal Supremo.


                    Javier O. Sepúlveda Rodríguez
                    Secretario del Tribunal Supremo