ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL GENERAL DE JUSTICIA
TRIBUNAL DE APELACIONES
**PANEL ESPECIAL**

| | | |
|---|---|---|
| **ANGELIRA GONZÁLEZ TORRES**<br>DEMANDANTE(S)-RECURRIDA(S)<br><br>V.<br><br>**ISRAEL GALARZA VEGA**<br>DEMANDADA(S)-PETICIONARIAS(S) | **KLCE202400286** | *Certiorari*<br>procedente del Tribunal de Primera Instancia, Sala Superior de **PONCE**<br><br>Caso Núm.<br>**PO2022RF00092** (405)<br><br>Sobre:<br>Divorcio<br>(Hogar Seguro) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y la Jueza Rivera Pérez.

*Barresi Ramos*, juez ponente

**S E N T E N C I A**

En San Juan, Puerto Rico, hoy día 6 de mayo de 2024.

Comparece ante este Tribunal de Apelaciones, el señor **ISRAEL GALARZA VEGA** (señor **GALARZA VEGA**) mediante *Certiorari Civil* instado el 7 de marzo de 2024. En su recurso, nos solicita que revisemos la *Resolución* decretada el 5 de febrero de 2024 por el Tribunal de Primera Instancia (TPI), Sala Superior de Ponce.[1] Mediante la referida decisión, el foro de instancia declaró no ha lugar la *Moción en Solicitud de Sentencia Sumaria* concerniente a una controversia sobre el mobiliario del hogar seguro interpuesta el 8 de enero de 2024 por el señor **GALARZA VEGA**.

Exponemos el trasfondo fáctico y procesal que acompaña a la presente controversia.

**- I -**

El 7 de febrero de 2022, la señora **ANGELIRA GONZÁLEZ TORRES** (señora **GONZÁLEZ TORRES**) entabló una *Demanda* sobre divorcio por la causal de

---

[1] Dicho dictamen judicial fue notificado y archivado en autos el 6 de febrero de 2024. Véase Apéndice del *Certiorari Civil*, págs. 29-30.

Número Identificador:
SEN2024_____

ruptura irreparable. El 24 de febrero de 2022, el señor **GALARZA VEGA** presentó su *Contestación a la Demanda*, conteniendo una *Reconvención*.

Luego de varios trámites procesales, el 26 de mayo de 2023, se celebró una audiencia y se emitió *Minuta Resolución*. En la misma, se dispuso que la custodia monoparental del menor la ostenta el señor **GALARZA VEGA**.[2] Así las cosas, el 14 de julio de 2023, se pronunció *Sentencia* en la cual, entre otras cosas, se expuso que la custodia del menor DJGG es ostentada por el señor **GALARZA VEGA**; las relaciones materno filiales serán abiertas; no se fijó pensión alimentaria en beneficio del menor; se declaró ha lugar la *Demanda*; se decretó roto y disuelto el vínculo matrimonial existente entre las partes; y se designó como hogar seguro la propiedad sita en la Urb. San Francisco en Yauco, Puerto Rico.[3]

El 18 de octubre de 2023, el señor **GALARZA VEGA** presentó *Moción Urgente en Solicitud de Orden* aduciendo que la señora **GONZÁLEZ TORRES** entregó la residencia que constituye el hogar seguro del menor.[4] Informó que solo dejó el juego de cuarto del menor DJGG. Expuso en los párrafos 4 y 5:

> 4. El 14 de octubre de 202 [la señora **GONZÁLEZ TORRES**] entregó la residencia al [señor **GALARZA VEGA**] completamente vacía. Solo dejó el juego de cuarto del menor.
> 5. Se llevó lavadora, estufa, juego de comedor, juego de sala, juego de cuarto, herramientas, nevera, congelador de carnes y butaca, entre otros muebles que se encontraban en el hogar.

El 9 de noviembre 2023, la señora **GONZÁLEZ TORRES** presentó *Réplica a Moción Urgente para que se De por Sometida Sin Oposición Moción Urgente del Demandado sobre Hogar Seguro*.[5] En el párrafo 4 de su escrito expresó:

> 4. Es importante destacar que la cama, escritorio y todo lo relacionado al menor se dejó en la residencia. El [señor **GALARZA VEGA**] trajo de la residencia que ocupaba la nevera, estufa, lavadora, juego de cuarto, juego de sala y todo lo que poseía en la propiedad alquilada, según le fue informado a la [señora **GONZÁLEZ TORRES**].

---

[2] Véase Apéndice del *Certiorari Civil*, págs. 1- 5.
[3] *Íd*., págs. 6- 9.
[4] *Íd*., págs. 10- 12.
[5] *Íd*., págs. 13- 14.

El 8 de enero de 2024, el señor **GALARZA VEGA** presentó *Moción en Solicitud de Sentencia Sumaria*.[6] En su escrito, peticionó que se dispusiera de la controversia de forma sumaria al no existir controversias materiales de hechos y versar la controversia sobre una cuestión de derecho. El 9 de enero de 2024, se dictaminó *Orden* en la cual se le requirió a la señora **GONZÁLEZ TORRES** fijar su posición a la solicitud de sentencia sumaria en o antes de 31 de enero de 2024.[7]

El 24 de enero de 2024, la señora **GONZÁLEZ TORRES** presentó *Moción en Cumplimiento de Orden y Solicitud de Desestimación de Solicitud de Sentencia Sumaria*.[8] Planteó que el tribunal recurrido carecía de jurisdicción para atender la controversia al haberse presentado una apelación concerniente a la *Sentencia* en la cual se dictaminó sobre el hogar seguro. Ese mismo día, el señor **GALARZA VEGA** presentó *Dúplica en Cuanto a "Moción en Cumplimiento de Orden y Solicitud de Desestimación de Solicitud de Sentencia Sumaria"*.[9] Luego, el 5 de febrero de 2024, se dictó la *Resolución* impugnada.[10]

Insatisfecho con ese proceder, el 7 de marzo de 2024, el señor **GALARZA VEGA** recurrió ante este foro revisor señalando los siguientes errores:

> Erró el TPI al no dar por admitida la totalidad de la relación de hechos del peticionario en su solicitud de disposición sumaria al no ser debidamente controvertida por la recurrida al no presentar una oposición conforme a la Regla 36.

> Erró el TPI al incumplir con el mandato de la Regla 36.4 de Procedimiento Civil puesto a que al denegar la solicitud de sentencia sumaria tenía la obligación de resolver formulando una determinación de los hechos controvertidos e incontrovertidos esenciales y pertinentes y al así actuar no colocando al foro apelativo en posición de revisar judicialmente la resolución recurrida.

> Erró el TPI al denegar la solicitud de sentencia sumaria y no determinar que el derecho a Hogar Seguro incluye la retención del mobiliario usual y ordinario de la vivienda aun cuando se trata de una controversia de estricto derecho que resulta medular resolver en el mejor bienestar del menor ante las admisiones judiciales que

---

[6] *Íd.*, págs. 15- 22.
[7] Véase Apéndice del *Certiorari Civil*, pág. 23.
[8] *Íd.*, págs. 24- 25.
[9] *Íd.*, págs.. 26- 28.
[10] *Íd.*, págs. 29- 30.

obran del propio récord del TPI en las mociones de las partes sobre la controversia.

Erró el TPI al no imponer a la recurrida los Honorarios de Abogado por Temeridad solicitados por el peticionario ante la frivolidad desplegada por esta al llevarse los muebles de la residencia del menor designado como Hogar Seguro a sabiendas de la existencia de la protección de Hogar Seguro, teniendo dos abogados en récord que conocen a la perfección hasta donde se extiende tal protección.

El 12 de marzo de 2024, intimamos *Resolución* concediendo, entre otras cosas, término de diez (10) días a la señora **GONZÁLEZ TORRES** para exponer su posición sobre el recurso. Posteriormente, el 18 de marzo de 2024, la señora **GONZÁLEZ TORRES** presentó *Moción de Prórroga* solicitando veinte (20) días adicionales para presentar su réplica. El 25 de marzo de 2024, emitimos *Resolución* concediendo un plazo perentorio de quince (15) días, a partir de la fecha de notificación del dictamen, para mostrar causa por la cual no se deba expedir el recurso. El 9 de abril de 2024, la señora **GONZÁLEZ TORRES** presentó *Moción de Desestimación.* El 10 de abril de 2024, prescribimos *Resolución* en la cual le concedimos al señor **GALARZA VEGA** un término de siete (7) días para exponer su posición sobre la solicitud de desestimación. El 16 de abril de 2024, señor **GALARZA VEGA** presentó *Solicitud Urgente de Remedios en Auxilio de Jurisdicción y en Oposición a Desestimación.*

Evaluado concienzudamente el expediente del caso, y contando con el beneficio de la comparecencia de ambas partes, nos encontramos en posición de adjudicar. Puntualizamos las normas de derecho pertinentes a la(s) controversia(s) planteada(s).

- II -

- A -

El auto de *certiorari* es un vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda revisar discrecionalmente las órdenes o resoluciones interlocutorias emitidas por una corte de inferior

instancia judicial.[11] Por ello, la determinación de expedir o denegar este tipo de recurso se encuentra enmarcada dentro de la discreción judicial.[12]

De ordinario, la discreción consiste en "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[13] Empero, el ejercicio de la discreción concedida "no implica la potestad de actuar arbitrariamente, en una u otra forma, haciendo abstracción del resto del derecho".[14]

Ahora bien, en los procesos civiles, la expedición de un auto de *certiorari* se encuentra delimitada a las instancias y excepciones contenidas en la Regla 52.1 de las de Procedimiento Civil de 2009.[15] La mencionada Regla dispone que solo se expedirá un recurso de *certiorari* cuando, "se recurra de una resolución u orden bajo remedios provisionales de la Regla 56, injunctions de la Regla 57 o de la denegatoria de una moción de carácter dispositivo".[16] En ese sentido, y a manera de excepción, se podrá expedir este auto discrecional cuando:

> (1) se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales;
> (2) en asuntos relacionados a privilegios evidenciarios;
> (3) en casos de anotaciones de rebeldía;
> (4) en casos de relaciones de familia;
> (5) en casos revestidos de interés público; o
> (6) en cualquier situación en la que esperar a una apelación constituiría un fracaso irremediable de la justicia. [17]

Lo anterior constituye tan solo la primera parte de nuestro análisis sobre la procedencia de un recurso de *certiorari* para revisar un dictamen del Tribunal de Primera Instancia. De modo que, aun cuando un asunto esté comprendido entre las materias que las Reglas de Procedimiento Civil de 2009 nos autorizan a revisar, el ejercicio prudente de esta facultad nos

---

[11] *Rivera Gómez v. Arcos Dorados Puerto Rico Inc.*, 2023 TSPR 65; 212 DPR ___ (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *McNeil Healthcare v. Mun. Las Piedras I*, 206 DPR 391, 403 (2021).
[12] *Íd.*
[13] *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 729 (2016).
[14] *Íd.*
[15] 32 LPRA Ap. V, R. 52.1; *Torres González v. Zaragoza Meléndez*, supra.
[16] *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021).
[17] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG*, 205 DPR 163 (2020).

requiere tomar en consideración, además, los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones.[18]

Por otro lado, el examen de los [recursos] discrecionales no se da en el vacío o en ausencia de otros parámetros.[19] Para ello, la Regla 40 de nuestro Reglamento instituye los indicadores a considerar al evaluar si se debe o no expedir un recurso de *certiorari*. A saber:

> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho;
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema;
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia;
> (D) Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados;
> (E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración;
> (F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio; y
> (G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[20]

Es preciso aclarar, que la anterior no constituye una lista exhaustiva, y ninguno de estos criterios es determinante, por sí solo, para justificar el ejercicio de nuestra jurisdicción.[21] En otras palabras, los anteriores criterios nos sirven de guía para poder determinar de la forma más sabia y prudente si se justifica nuestra intervención en la etapa del procedimiento en que se encuentra el caso.[22] Ello, pues distinto al recurso de apelación, este Tribunal posee discreción para expedir el auto de *certiorari*. La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación."[23]

---

[18] *McNeil Healthcare v. Mun. Las Piedras I, supra*, pág. 404; *800 Ponce de León v. AIG, supra*.
[19] *Íd*.
[20] 4 LPRA Ap. XXII-B, R. 40; *Torres González v. Zaragoza Meléndez, supra*; *Rivera Figueroa v. Joe´s European Shop*, 183 DPR 580 (2011).
[21] *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005).
[22] *Mun. Caguas v. JRO Construction, Inc.*, 201 DPR 703, 712 (2019).
[23] *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486– 487 (2019); *Mun. Caguas v. JRO Construction Inc., supra*.

Finalmente, este Tribunal solo intervendrá con las determinaciones interlocutorias discrecionales procesales del tribunal sentenciador cuando este último haya incurrido en un craso abuso de discreción.[24] Esto es, "que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial".[25]

- B -

La *sentencia sumaria* es un mecanismo procesal extraordinario disponible para adjudicar controversias sin la celebración de un juicio.[26] Su propósito o finalidad es propiciar la solución justa, rápida y económica de los litigios civiles que no presentan controversias genuinas de hechos materiales, y en los cuales solo resta dirimir una controversia de derecho.[27]

Este mecanismo se encuentra instituido por la Regla 36 de las de Procedimiento Civil de 2009.[28] Esta prescribe que cualquiera de las partes "podrá presentar [...] una moción fundamentada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación solicitada".[29]

Lo anterior implica que, la parte promovente debe demostrar que no existe *controversia sustancial* sobre algún hecho material, pues la *sentencia sumaria* solo debe dictarse en casos claros, cuando el tribunal tenga ante sí la verdad sobre todos los hechos pertinentes.[30] Para ello, debe desglosar en párrafos debidamente numerados y, para cada uno de ellos, debe especificar

---

[24] *García v. Asociación*, 165 DPR 311, 322 (2005).

[25] *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986).

[26] *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120; 213 DPR ___; *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979 (2022); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

[27] *Birriel Colón v. Supermercado Los Colobos, supra*; *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 430; *Vera v. Dr. Bravo*, 161 DPR 308, 331 (2004).

[28] 32 LPRA Ap. V, R. 36.3 (a); *SLG Zapata-Rivera v. J.F. Montalvo, supra*, pág. 432.

[29] *Acevedo y otros v. Dpto. de Hacienda*, 2023 TSPR 80, 212 DPR ___ (2023).

[30] *Oriental Bank v. Caballero García*, 2023 TSPR 118; 213 DPR ____; *Ramos Pérez v. Univisión, supra*, pág. 213.

la página o el párrafo de la declaración jurada u otra prueba admisible en evidencia que lo apoya.[31] La jurisprudencia interpretativa ha definido que "[u]n hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable".[32]

Por su parte, quien se opone a que se dicte *sentencia sumaria* está obligado a controvertir la prueba presentada, contestando de forma detallada y específica aquellos hechos pertinentes para demostrar que existe una *controversia real y sustancial* que debe dilucidarse en juicio.[33] Es decir, no basta con presentar meras afirmaciones. Resulta insuficiente para derrotar una solicitud de *sentencia sumaria* una declaración jurada que meramente exponga conclusiones reiteradas de las alegaciones de la demanda y hechas sin conocimiento personal de los hechos.[34] Empero, será el análisis del derecho aplicable y de la existencia de alguna *controversia sustancial de hechos materiales* lo que determinará si procede dictar sentencia sumariamente, y no el que la parte contraria deje de oponerse a la solicitud, o lo haga defectuosamente.[35]

Al evaluar la procedencia de la solicitud de *sentencia sumaria* el tribunal **analizará los documentos que acompañan la moción de *sentencia sumaria*, los documentos incluidos con la moción en oposición y aquellos que obren en el expediente del tribunal**.[36] Por ello, "[t]oda inferencia que se haga a base de los hechos y documentos que obren en los autos, debe tomarse desde el punto de vista más favorable al que se opone a la solicitud de sentencia sumaria".[37]

No obstante, "cualquier duda no es suficiente para derrotar una moción de sentencia sumaria; por el contrario, tiene que ser una duda que

---

[31] Regla 36.3(a) de las de Procedimiento Civil de 2009, *supra*; *SLG Zapata-Rivera v. J.F. Montalvo, supra*.
[32] *Serrano Picón v. Multinational Life Insurance Company*, 2023 TSPR 118; 213 DPR ___; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión, supra*, pág. 213.
[33] *Ramos Pérez v. Univisión, supra*, pág. 214.
[34] *Íd.*, págs. 215- 216.
[35] *Ortiz v. Holsum*, 190 DPR 511, 525 (2014).
[36] *PFZ Props., Inc. v. Gen. Acc. Ins. Co.*, 136 DPR 881, 913 (1994). (énfasis nuestro).
[37] *Mgmt. Adm. Servs. Corp. v. E.L.A.*, 152 DPR 599, 610- 611 (2000).

permita concluir que existe una controversia real y sustancial sobre hechos relevantes y pertinentes".[38] Por tanto, "[existe] una controversia real cuando la prueba ante el tribunal es de tal naturaleza que un juzgador racional de los hechos podría resolver a favor de la parte promovida".[39]

La parte promovente puede prevalecer por la vía sumaria si presenta prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. En cambio, la parte promovida puede derrotar la moción de tres (3) maneras diferentes: (1) si establece una controversia real de hechos sobre uno de los elementos de la causa de acción de la parte promovente; (2) si presenta prueba que apoye una defensa afirmativa, o (3) si presenta prueba que establezca una controversia sobre la credibilidad de los testimonios jurados que presentó la parte promovente.[40]

Ahora bien, este Tribunal de Apelaciones se encuentra en la misma posición que el Tribunal de Primera Instancia al momento de revisar [denegaciones] o concesiones de mociones de *sentencia sumaria*.[41] Esto significa que, al evaluar la solicitud de *sentencia sumaria*, al igual que el foro primario, debemos aplicar los criterios de la Regla 36 de las de Procedimiento Civil de 2009 y su jurisprudencia interpretativa. Ello supone examinar el expediente de la manera más favorable hacia la parte que se opuso a la solicitud de *sentencia sumaria*, llevando a cabo todas las inferencias permisibles a su favor. Como resultado, tenemos el deber de revisar que tanto la moción de *sentencia sumaria* como su oposición cumplan con los requisitos de forma instituidos en la Regla 36 de las de Procedimiento Civil de 2009.[42]

En esencia, si el foro primario **acogió la moción** y dictó sentencia sumariamente, nos corresponderá revisar que, efectivamente si existen

---

[38] *Ramos Pérez v. Univisión, supra*, pág. 214.
[39] *Íd.*
[40] *Íd.*, pág. 217.
[41] *Rosado Reyes v. Global Healthcare*, 205 DPR 796, 809 (2020); *Rivera Matos et al. v. Triple-S et al.*, 204 DPR 1010, 1025 (2020); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 118 (2015).
[42] *Birriel Colón v. Supermercado Los Colobos, supra.*

hechos materiales en controversia.[43] De existir, procederemos entonces a cumplir con la exigencia de la Regla 36.4 de las de Procedimiento Civil de 2009 y exponer concretamente cuáles hechos materiales se encontró que están en controversia y cuáles están incontrovertidos.[44] Puede hacerse en el dictamen en el cual se disponga del caso y hacer referencia al listado enumerado de hechos incontrovertidos dispuestos por el foro recurrido. Si se determina que los hechos materiales realmente están incontrovertidos, se procederá a revisar de *novo* si el Tribunal de Primera Instancia adjudicó correctamente el derecho.

En palabras sencillas, los tribunales revisores estamos limitados a: (1) considerar los documentos que se presentaron ante el foro de instancia; (2) determinar si existe o no alguna controversia genuina de hechos materiales y esenciales; y (3) comprobar si el derecho se aplicó de forma correcta.[45]

- III –

En el presente caso, entre los errores señalados, el señor **GALARZA VEGA** expuso que el foro primario incumplió "con el mandato de la Regla 36.4 de Procedimiento Civil puesto a que al denegar la solicitud de sentencia sumaria tenía la obligación de resolver formulando una determinación de los hechos controvertidos e incontrovertidos esenciales y pertinentes y al así actuar no colocando al foro apelativo en posición de revisar judicialmente la resolución recurrida".

En conformidad con la Regla 36.4 de Procedimiento Civil de 2009, cuando se deniega en parte o totalmente una solicitud de *sentencia sumaria,*

---

[43] *Rivera Matos et al. v. Triple S et al., supra.*
[44] Regla 36.4. Pleito no decidido en virtud de moción - Si en virtud de una moción presentada bajo las disposiciones de esta regla no se dicta sentencia sobre la totalidad del pleito, no se concede todo el remedio solicitado o se deniega la moción, y es necesario celebrar juicio, será **obligatorio** que el tribunal resuelva la moción mediante una determinación de los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial y los hechos esenciales y pertinentes que están realmente y de buena fe controvertidos, y hasta qué extremo la cuantía de los daños u otra reparación no está en controversia, ordenando los procedimientos ulteriores que sean justos en el pleito, incluso una vista evidenciaria limitada a los asuntos en controversia. Al celebrarse el juicio, se considerarán probados los hechos así especificados y se procederá de conformidad. A base de las determinaciones realizadas en virtud de esta regla, el tribunal dictará los correspondientes remedios, si alguno.
[45] *Birriel Colón v. Supermercado Los Colobos, supra,* pág. 5; *Meléndez González et al. v. M. Cuebas, supra,* págs. 114 – 116.

el tribunal de instancia tiene la obligación de establecer los hechos que están o no en controversia. La *Resolución* decretada el 5 de febrero de 2024 solo declaró no ha lugar el petitorio. Esto es, no se formuló una determinación judicial conteniendo los hechos materiales sobre los cuales no hay controversia sustancial, así como aquellos hechos que estén realmente y de buena fe controvertidos. Ante ello, dicha determinación judicial no cumple cabalmente con la aludida Regla ello dado que no hace expresión alguna sobre hechos en controversia o no en controversia. Toda vez que la antedicha *Resolución* prevarica lo dispuesto en la Regla 36.4 de las de Procedimiento Civil de 2009, es insuficiente para este Tribunal estar en posición idónea para considerar el recurso. Cónsono a todo lo anterior, razonamos que este error señalado por el señor **GALARZA VEGA** fue cometido. Ello ocasiona que no podamos ejercer eficientemente nuestra función revisora y sea innecesario discutir los demás errores.

### - IV -

Por los fundamentos antes expuestos, ***expedimos*** el auto de *certiorari;* ***revocamos*** la *Resolución* determinada el 5 de febrero de 2024; y ***devolvemos*** el caso al Tribunal de Primera Instancia para que proceda de forma compatible con nuestros pronunciamientos. Se declara ***no ha lugar*** la solicitud de desestimación y auxilio de jurisdicción. Al amparo de la Regla 18 (B) de nuestro Reglamento, el Tribunal de Primera Instancia puede proceder de conformidad con lo aquí resuelto, sin que tenga que esperar por nuestro mandato.[46]

---

[46] La Regla 18 sobre el *Efecto de la presentación del escrito de apelaciones en casos civiles* dispone: (A) **Suspensión** Una vez presentado el escrito de apelación, se suspenderán todos los procedimientos en el Tribunal de Primera Instancia respecto a la sentencia, o parte de la misma, de la cual se apela, o a las cuestiones comprendidas en ella, salvo orden en contrario expedida por iniciativa propia o a solicitud de parte por el Tribunal de Apelaciones, **pero el Tribunal de Primera Instancia podrá proseguir el pleito en cuanto a cualquier cuestión no comprendida en la apelación.** (B) **Cuando no se suspenderá** No se suspenderán los procedimientos en el Tribunal de Primera Instancia cuando la sentencia dispusiere venta de bienes susceptibles de pérdida o deterioro. En ese caso el Tribunal de Primera Instancia podrá ordenar que dichos bienes sean vendidos y su importe depositado hasta tanto el tribunal de apelación dicte sentencia. **No se suspenderán los efectos de una decisión apelada, salvo una orden en contrario expedida por el Tribunal de Apelaciones, por iniciativa propia o a solicitud de parte, cuando ésta incluya cualesquiera de los remedios siguientes**: (1) una orden de *injunction*, de *mandamus* o de

**Notifíquese inmediatamente**.

Lo acordó el Tribunal y lo certifica la Secretaría del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

hacer o desistir; **(2) una orden de pago de alimentos; (3) una orden sobre custodia o relaciones filiales** (énfasis nuestro).