WILFREDO RUIZ MILLÁN E HILDA TARDI RAMOS, demandantes y recurrentes, *v.* MARYLAND CASUALTY COMPANY, demandada y recurrida.

*Número*: R-72-43 *Resuelto*: 13 de marzo de 1973

*Carlos J. Irizarry Yunqué* y *Jaime H. Juliá Martínez,* abogados de los recurrentes; *Agrait, Otero & Oliveras,* abogados de la recurrida.

PER CURIAM: El 18 de septiembre de 1969 los demandantes-recurrentes instaron acción contra el Municipio de Guánica y el Estado Libre Asociado de Puerto Rico para resarcirse

con motivo de la muerte de su hijo. La muerte ocurrió el 24 de septiembre de 1968.

Se desestimó la demanda ya que los demandantes no cumplieron con lo provisto por el Art. 96 de la Ley Núm. 142 del 21 de julio de 1960 (21 L.P.R.A. sec. 1603) en relación a las reclamaciones de daños contra una corporación municipal y el Art. 2A de la Ley Núm. 104 del 29 de junio de 1955 (32 L.P.R.A. sec. 3077) en cuanto a notificaciones al Secretario de Justicia cuando se demanda al Estado.

El 23 de julio de 1970 se radicó nueva demanda contra Insurance Company of Puerto Rico como aseguradora para la fecha de los hechos del Municipio de Guánica y del E.L.A. Fue enmendada el 3 de diciembre para sustituir la demandada por Maryland Casualty Company.

Esta demanda fue también desestimada. El tribunal determinó que la acción contra la aseguradora estaba prescrita. Expedimos auto de revisión limitando el ámbito del mismo al punto de si el término prescriptivo señalado para el ejercicio de la acción instada es de un año (Art. 1868 del Código Civil) o quince años (Art. 1864 del Código Civil).

El Art. 1868 del Código Civil establece que "[l]a acción para exigir la responsabilidad civil . . . por las obligaciones derivadas de la culpa y negligencia de que se trata en el art. 1802 de este Código . . . [prescriben al año]."

El 1864 del mismo Código fija en quince años "las personales que no tengan señalado término especial de prescripción. . . ."

Si bien la hemos clasificado como una acción directa, separada y distinta de la del perjudicado contra el causante del daño, la que autoriza el Código de Seguros (26 L.P.R.A. sec. 2003) a deducirse contra la compañía aseguradora, *García* v. *Northern Assurance Co.*, 92 D.P.R. 245 (1965), lo cierto es que la responsabilidad de uno y otra emana del mismo Art. 1802 del Código Civil. Los mismos hechos están

en controversia y la misma prueba los sostiene en una y otra acción.

En el caso de *Trigo* v. *The Travelers Ins. Co.*, 91 D.P.R. 868 (1965) dimos por sentado que el período de prescripción aplicable es el de un año. Ver primer párrafo, última oración de la opinión de *Trigo*.

La Corte de Apelaciones para el Primer Circuito en el caso de *Fraticelli* v. *St. Paul Fire and Marine Insurance Co.*, 375 F.2d 186 (1967) siguiendo lo expuesto en *Trigo* y la interpretación que le dimos en *García* a la acción directa establecida en el Código de Seguros, determinó que la compañía de seguros podía invocar el término prescriptivo de un año establecido en el Art. 1868 del Código Civil. Ver además *Bedard* v. *Consolidated Mutual Insurance Company*, 313 F.Supp. 1020 (1970).

Teniendo las dos acciones, tanto la que se incoe contra el asegurado como la que se siga contra la compañía aseguradora, el mismo origen y dependiendo las dos de la misma prueba, no hay justificación para establecer períodos prescriptivos distintos.

*Se confirma la sentencia recurrida.*

El Juez Asociado, Señor Martínez Muñoz, no intervino.