ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| SUCESIÓN MAGDALENA GONZÁLEZ VILLARRUBIA COMPUESTA POR: ZULMA RODRÍGUEZ GONZÁLEZ, NANCY HAYDEE GONZÁLEZ GONZÁLEZ Y MAGDA JOSEFA GONZÁLEZ GONZÁLEZ<br><br>Apelantes<br><br>v.<br><br>ERICK G. CRUZ H/N/C DR. ERICK G. CRUZ, FULANA DE TAL Y LA SOCIEDAD LEGAL DE GANANCIALES QUE AMBOS COMPONEN, PUERTO RICO MEDICAL DEFENSE, ASEGURADORA ABC, ASEGURADORA XYZ, JOHN DOE<br><br>Apelados | KLAN202300985 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Mayagüez<br><br>Civil Núm.: MZ2023CV00036<br><br>Sobre: Daños y Perjuicios |

Panel integrado por su presidente, el Juez Monge Gómez, el Juez Cruz Hiraldo y el Juez Campos Pérez[1]

Campos Pérez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 29 de febrero de 2024.

Comparece la parte demandante, la Suc. Magdalena González Villarrubia compuesta por la Sra. Zulma Rodríguez González, la Sra. Nancy Haydee González González y la Sra. Magda Josefa González González, mediante un recurso de *Apelación.* Solicita que revoquemos la *Sentencia Sumaria Parcial*, dictada el 14 de septiembre de 2023, notificada el 22 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez (TPI). En la aludida sentencia parcial, el TPI acogió la *Moción de Sentencia Sumaria* presentada por la parte demandada, el Dr. Erick G. Cruz y desestimó el pleito instado por la parte

---

[1]Mediante Orden Administrativa TA-2023-212 de 6 de diciembre de 2023, se designó al Hon. José I. Campos Pérez en sustitución del Hon. Felipe Rivera Colón.

Número Identificador

SEN2024 _____

demandante-apelante respecto al Dr. Erick G. Cruz por entender que había prescrito la acción respecto a dicha parte.

Por los fundamentos que expondremos a continuación, revocamos la *Sentencia Sumaria Parcial.*

**I.**

El 11 de enero 2023, la Suc. Magdalena González Villarrubia compuesta por la Sra. Zulma Rodríguez González, la Sra. Nancy Haydee González González y la Sra. Magda Josefa González González, presentó una *Demanda* contra el Dr. Erick G. Cruz, PRMD Insurance Company y otros por daños y perjuicios.[2] En síntesis, alegaron que la fenecida Sra. Magdalena González Villarubia falleció el 17 de junio de 2020 pues el Dr. Erick G. Cruz incumplió con sus deber de previsibilidad pues "no atendió a tiempo los nódulos en la tiroides de Doña Magdalena" negándole la atención médica necesaria para tratar su cáncer.[3]

El 18 de abril de 2023, la parte demandada presentó su *Contestación a Demanda.*[4] En dicho escrito, la parte demandada negó algunos hechos expuestos y presentó sus defensas afirmativas, entre ellas, que la demanda estaba prescrita pues fue radicada el 11 de enero de 2023, con hechos ocurridos en los años 2019 y 2020".[5]

Así las cosas, el 29 de junio de 2023 la parte demandada presentó ante el Tribunal una *Moción de Sentencia Sumaria.*[6] En síntesis, alegó que procedía que se dictara sentencia sumaria pues de la prueba presentada por dicha parte la presentación de la demanda el 11 de enero de 2023 había sido fuera del término

---

[2] Apéndice de la parte demandante-apelante, en el Anejo 1 págs. 1-4.
[3] Apéndice de la parte demandante-apelante, en el Anejo 1 en la pág. 3-4.
[4] Apéndice de la parte demandante-apelante, en el Anejo 2 en las págs. 5-10.
[5] Apéndice de la parte demandante-apelante, en el Anejo 2 en las págs. 5-10.
[6] Apéndice de la parte demandante-apelante, en el Anejo 3 en las págs.11-31.

prescriptivo.[7] Como hechos materiales y pertinentes que no estaban en controversia listaron los siguientes:

1. El 8 de mayo de 2020 se le realizó a la paciente Magdalena González Villarrubia una biopsia por aspiración por aguja fina mostrando hallazgos consistentes con una lesión cancerosa en la tiroides. (Véase alegación 19 de la demanda).
2. El 17 de junio de 2020 la paciente Magdalena González Villarrubia falleció. (Véase alegación 22 de la demanda).
3. El 22 de septiembre de 2022 se notificó a la parte compareciente un comunicado para paralizar el término prescriptivo de la causa de acción. Alegación 23 de la demanda y Exhibit I).
4. El 14 de junio de 2021 la parte demandante notificó a la parte compareciente un segundo documento que alegó constituía una reclamación extrajudicial. (Exhibit II).
5. Las conversaciones extrajudiciales con la aseguradora Puerto Rico Medical Defense Insurance Company culminaron el 14 de enero de 2022. (Véase alegación 23 de la demanda).
6. Además de la carta de fecha 22 de septiembre de 2020 y de la carta de fecha 14 de junio de 2021 la parte demandante ni su representación legal sometió ninguna otra carta con el propósito de interrumpir términos prescriptivos. (Exhibit III).
7. La demanda en el presente caso fue radicada el 11 de enero de 2023. (Véase fecha de radicación en el expediente del Tribunal.)[8]

El 21 de agosto de 2023 la parte demandante presentó una *Moción en Oposición a Sentencia Sumaria.*[9] En dicho escrito que solicitó que se declarara No Ha Lugar la Moción de Sentencia Sumaria presentada por la parte demandada, pues entendieron que las conversaciones hechas entre el 12 de enero de 2022 hasta el 14 de enero de 2022 reiteraron la intención de agotar el remedio de manera extrajudicial por lo cual interrumpieron el término prescriptivo de un año para instar una acción.[10]

Finalmente, el 14 de septiembre de 2023, notificado el 22 de septiembre de 2023, el TPI emitió una *Sentencia Sumaria Parcial.*[11] En dicha sentencia, el Tribunal declaró Ha Lugar la *Moción de Sentencia Sumaria* presentada por la parte demandada y concluyó

---

[7] Apéndice de la parte demandante-apelante, en el Anejo 3 en las págs.11-31.
[8] Apéndice de la parte demandante-apelante, en el Anejo 3 en la pág.13.
[9] Apéndice de la parte demandante-apelante, en el Anejo 4 en las págs.32-75.
[10] Apéndice de la parte demandante-apelante, en el Anejo 4 en las págs.42-75.
[11] Apéndice de la parte demandante-apelante, en el Anejo 5 en las págs. 76-80.

que procedía la desestimación de la demanda respecto al Dr. Erick G. Cruz por haber prescrito la acción contra este demandado.[12]

Inconforme con dicha *Sentencia Sumaria Parcial,* la parte demandante presentó una *Moción Solicitando Reconsideración a Sentencia Sumaria Parcial.*[13] En dicho escrito la parte demandante reiteró su posición respecto a que el comunicado del 12 de enero de 2022 y el comunicado cursado el 14 de junio de 2021 fueron reclamaciones extrajudiciales que interrumpieron el término prescriptivo.[14] No obstante, el 5 de octubre de 2023 el TPI emitió una Resolución declarando No Ha Lugar la moción sometida por la parte demandante.[15]

Inconforme, la parte demandante acudió ante nos oportunamente mediante el presente recurso de *Apelación.* En su escrito, señala los siguientes señalamientos de error:

> **Primer Error:** Erró el Foro de Instancia al dictar sentencia sumariamente y determinar que la acción de daños y perjuicios en contra del Dr. Erick Cruz estaba prescrita, a pesar de que la evidencia y los autos demuestran que la parte apelante mantuvo viva su acusa de acción mediante negociaciones extrajudiciales con PDM Insurance, aseguradora que actuó en unión y representación de dicho galeno.

> **Segundo Error:** Erró y abuso de su facultad discrecional el Foro de Instancia al no tomar en consideración la evidencia presentada ante sí por la parte apelante mediante la oposición a la solicitud de sentencia sumaria instada por el Dr. Erick Cruz.

La parte apelada presentó el 27 de noviembre de 2023 su *Alegato en Oposición.* Contando con la comparecencia de ambas partes, procedemos a resolver.

**II.**

### *La Sentencia Sumaria*

La Regla 36 de Procedimiento Civil, 32 LPRA Ap. V., R.36, gobierna el mecanismo de la sentencia dictada sumariamente. Esta

---

[12] Apéndice de la parte demandante-apelante, en el Anejo 5 en las págs. 76-80.
[13] Apéndice de la parte demandante-apelante, en el Anejo 6 en las págs. 81-84.
[14] Apéndice de la parte demandante-apelante, en el Anejo 6 en las págs. 81-84.
[15] Apéndice de la parte demandante-apelante, en el Anejo 7 en las págs. 85-86.

herramienta procesal sirve al propósito de aligerar la conclusión de los pleitos, sin la celebración de un juicio en sus méritos, siempre y cuando no exista una legítima controversia de hechos medulares, de modo que lo restante sea aplicar el derecho. Véase, *Jusino et als. v. Walgreens,* 155 DPR 560, 576 (2001); *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 676 (2018); *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 109 (2015). Así se propende a la solución justa, rápida y económica de los litigios de naturaleza civil en los cuales no exista una controversia genuina de hechos materiales. *Pérez Vargas v. Office Depot*, 203 DPR 687, 699 (2021). En este sentido, un hecho material "es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable". *Meléndez González et al. v. M. Cuebas*, *supra,* pág. 110. Por ello, "[l]a controversia debe ser de una calidad suficiente como para que sea necesario que un juez la dirima a través de un juicio plenario". *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

La Regla 36.2 del mismo ordenamiento procesal, establece que la parte contra la cual se haya formulado una reclamación podrá presentar "una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación". 32 LPRA Ap. V, R. 36.2. Por su lado, conforme la Regla 36.3 de Procedimiento Civil, *supra,* en su contestación, la parte promovida "no podrá descansar solamente en las aseveraciones o negaciones contenidas en sus alegaciones, sino que estará obligada a contestar en forma tan detallada y específica, como lo haya hecho la parte promovente. De no hacerlo así, se dictará la sentencia sumaria en su contra si procede". 32 LPRA Ap. V, R. 36.3 (c). Asimismo, la Regla 36.3 de Procedimiento Civil, *supra,* establece unos requisitos de forma a

ser cumplidos por la parte promovente y la parte promovida. 32 LPRA Ap. V, R. 36.3; Véase, *Pérez Vargas v. Office Depot, supra,* pág. 698. Por consiguiente, el incumplimiento del promovente de estas formalidades acarrea que el tribunal no esté obligado a considerar su pedimento. *Meléndez González et al. v. M. Cuebas, supra,* pág. 111. En caso de que el promovido sea quien incumple dichos requisitos "el tribunal puede dictar Sentencia Sumaria a favor de la parte promovente, si procede en derecho". *Id.*

En cuanto a la revisión de un dictamen sumario o la denegación de la resolución abreviada, este tribunal revisor se encuentra en la misma posición que el foro de primera instancia al determinar si procede o no una sentencia sumaria. Sin embargo, al revisar la determinación del tribunal primario, estamos limitados de dos maneras: (1) sólo podemos considerar los documentos que se presentaron ante el foro de primera instancia; y (2) sólo podemos determinar si existe o no alguna controversia genuina de hechos materiales y esenciales, así como si el derecho se aplicó de forma correcta. Esto es, no estamos compelidos a adjudicar los hechos materiales esenciales en disputa. *Vera v. Dr. Bravo,* 161 DPR 308, 334-335 (2004). El deber de adjudicar hechos materiales y esenciales es una tarea que le compete al Tribunal de Primera Instancia y no al foro intermedio.

A esos efectos, el Tribunal Supremo de Puerto Rico estableció el estándar específico que debemos utilizar como tribunal revisor al momento de evaluar determinaciones del foro primario en las que se conceden o deniegan mociones de sentencia sumaria. En lo pertinente, dispuso que "[l]a revisión del Tribunal de Apelaciones es una de *novo* y debe examinar el expediente de la manera más favorable a favor de la parte que se opuso a la Moción de Sentencia Sumaria en el foro primario, llevando a cabo todas las inferencias permisibles a su favor". *Meléndez González et al. v. M.*

*Cuebas, supra,* pág. 118. Además, reiteró que por estar en la misma posición que el foro primario, debemos revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma recopilados en la Regla 36 de Procedimiento Civil. *Id.*

Por lo cual, luego que culminemos nuestra revisión del expediente, de encontrar que en realidad existen hechos materiales y esenciales en controversia, debemos tener en cuenta el cumplimiento de la Regla 36.4 de Procedimiento Civil y exponer concretamente cuáles hechos materiales están controvertidos y cuáles están incontrovertidos. Por el contrario, de resultar que los hechos materiales y esenciales realmente están incontrovertidos, entonces nos corresponde revisar *de novo* si el foro impugnado aplicó correctamente el derecho a los hechos incontrovertidos. *Id.*, pág. 119.

Al dictar una sentencia sumaria, este tribunal deberá realizar un análisis dual que consiste en: (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal; y (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos. *Vera v. Dr. Bravo, supra*, pág. 333. Una vez realizado este análisis el tribunal no dictará sentencia sumaria cuando: (1) existen hechos materiales y esenciales controvertidos; (2) hay alegaciones afirmativas en la demanda que no han sido refutadas; (3) surge de los propios documentos que se acompañan con la moción una controversia real sobre algún hecho material y esencial; o (4) como cuestión de derecho no procede. *Id.*, págs. 333-334.

***La Responsabilidad Civil Extracontractual y La Prescripción Extintiva***

El hoy derogado, pero vigente a los hechos, Artículo 1802 del Código Civil de 1930, 31 LPRA ant. sec. 5141,[16] disponía que todo aquél que por acción u omisión cause un daño a otro vendrá obligado a repararlo, si ha mediado culpa o negligencia. La prescripción es una figura del derecho civil el cual extingue el derecho de una persona a ejercitar una causa de acción determinada y tiene como propósito "castigar la inercia y estimular el ejercicio rápido de las acciones". *Nevárez Agosto v. United Surtey et al.*, 209 DPR 346, 356 (2022); S*LG Haedo-López v. SLG Roldán-Rodríguez*, 203 DPR 324, 336 (2019); *Xerox Corp. v. Gómez Rodríguez y otros*, 201 DPR 945, 952 (2019). El Artículo 1861 del Código Civil de 1930, 31 LPRA ante. sec.5291, establece que las acciones prescriben por el mero transcurso del tiempo fijado por la ley. En las acciones de daños y perjuicios, según el Artículo 1868 del Código Civil de 1930, 31 LPRA ante. sec.5298, el Código Civil del 1930 establece que cuentan con un término prescriptivo de un año.

Nuestro ordenamiento jurídico ha reconocido tres mecanismos para interrumpir los términos prescriptivos, estos son: (1) la presentación de una acción ante los tribunales; (2) la presentación de una reclamación extrajudicial y (3) cualquier acto realizado por el deudor reconociendo la existencia de la deuda. Artículo 1873 del Código Civil de 1930, 31 LPRA ant. sec.5303; *Nevárez Agosto v. United Surtey et al.*, supra, en la pág. 357; *Díaz Santiago v. International Textiles*, 195 DPR 862, 868 (2016). Respecto a la interrupción del término prescriptivo mediante una

---

[16] Véase, Artículo 1815 del Código Civil de 2020, 31 LPRA sec. 11720, el cual dispone, en parte, que "[l]a responsabilidad extracontractual, tanto en su extensión como su naturaleza, se determina por la ley vigente en el momento en que ocurrió el acto u omisión que da lugar a dicha responsabilidad. [...]".

reclamación extrajudicial, se ha definido que es "...una manifestación inequívoca de quien, amenazado con la pérdida de su derecho, expresa su voluntad de no perderlo..." *Díaz Santiago v. International Textiles*, supra, en la pág. 870. Para que una reclamación extrajudicial pueda interrumpir el término prescriptivo, nuestro más alto foro ha expresado que debe cumplir con los siguientes requisitos:

> (1) debe ser oportuna; (2) debe presentarla una persona con legitimación; (3) el medio utilizado para hacer la reclamación debe ser idóneo, y (4) debe existir identidad entre el derecho reclamado y el afectado por la prescripción. *Díaz Santiago v. International Textiles*, supra.

En las reclamaciones por daños y perjuicios, si no se interrumpe el plazo para ejercitar la acción, utilizando los mecanismos dispuestos por ley, el término de un año prescribe desde que lo supo la persona agraviada. *Vera v. Dr. Bravo*, supra en la pág. 322.

Respecto al receptor del acto interruptor, el tratadista Luis Díez-Picazo ha expresado en su obra que "...los actos de interrupción de la prescripción, emanados del sujeto activo del derecho en prescripción, tiene como lógico destinatario al sujeto pasivo de tal derecho...". L. Díez-Picazo y Ponce de León, *La prescripción extintiva: en el Código Civil y en la jurisprudencia del Tribunal Supremo*, 2da ed., Pamplona, Ed. Aranzadi, 20007, pág. 149. De igual forma, "no es discutible que pueden dirigirse a un representante legal o voluntario del mismo". *Supra.* En otras palabras, por lo general el acto interruptivo llevado acabo por la persona con legitimación es realizado hacia su deudor directamente, no obstante, también puede dirigirse al representante legal o voluntario del deudor. El Tribunal Supremo interpretando al tratadista Díez-Picazo ha expresado:

> El mencionado tratadista nos dice que, para precisar si una reclamación frente a quien corresponda puede

surtir efectos en cuanto a otras personas a las que no vaya expresamente dirigida, se pueden evaluar factores como: **(1) la suficiencia del esfuerzo que el interruptor debe realizar para determinar el sujeto pasivo de su pretensión, y (2) si el acto de interrupción hubiera llegado o podido llegar normalmente a ser conocido por los afectados**. Íd., pág. 150. También menciona que **la buena fe constituye un criterio necesario para valorar el acto de interrupción de la prescripción en sí mismo y su potencial eficacia para producir el efecto interruptivo**. Íd. *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120, 8 (2023) (Énfasis en el original).

### *El Código de Seguros, el Reglamento Núm. 2080 y la Responsabilidad Civil Extracontractual*

Nuestro ordenamiento jurídico ha reconocido a la industria de seguros con el más alto interés público, por tal razón se encuentra altamente reglamentada mediante la Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como el *Código de Seguros de Puerto Rico* (Código de Seguros), 26 LPRA sec. 101, y de manera supletoria las disposiciones del *Código Civil* de Puerto Rico. *Birriel Colón v. Supermercado Los Colobos*, 2023 TSPR 120, 6 (2023); *San Luis Center Apts. et al. v. Triple-S*, 208 DPR 824, 832 (2022).

En materia de daños, los Artículos 20.010 y 20.030 del *Código de Seguros*, 26 LPRA sec. 2001 y 2003, permiten que una persona que ha sufrido daños y perjuicios causados por un asegurado reclame contra la aseguradora el pago de dichos daños y perjuicios. Véase, además, *Birriel Colón v. Supermercado Los Colobos,* en la pág. 7. Cuando se pretende instar una acción de daños y perjuicio contra una aseguradora, nuestro más alto foro ha reconocido que el término para presentar dicha acción es de un año como se expresa en el Artículo 1868 del Código Civil de 1930, 31 LPRA ante. sec.5298. *Ruiz Millán v. Maryland Cas. Co.*, 101 DPR 249, 251 (1973). Como norma general el asegurado y la aseguradora no responden solidariamente ante las personas

perjudicadas, pues para que esto sea posible debe surgir claramente la solidaridad entre ambas partes del contrato de seguros. *Gen. Accid. Ins. Co. P.R. v. Ramos,* 148 DPRA 523, 537 (1999). Cuando no surja del contrato de seguros la solidaridad entre el asegurado y la aseguradora la persona perjudicada debe interrumpir el término prescriptivo contra ambos individualmente si desea ejercer la acción en contra de ambas partes. *Supra,* en la pág. 538.

Recientemente nuestro Tribunal Supremo expresó que a tenor del Artículo 27.161 del Código Seguros, 26 LPRA sec. 2716a, y el Reglamento Núm. 2080 de 6 de abril de 1976 (Reglamento Núm. 2080), cuando una parte perjudicada mantiene comunicación de buena fe encaminadas al trámite ordinario de una reclamación, la aseguradora está actuando como representante del causante por lo que queda interrumpido el término prescriptivo. Se considera una práctica desleal y engañosa utilizar la figura de la prescripción contra estas personas perjudicadas que promueven sus acciones de manera diligente y con buena fe. *Birriel Colón v. Supermercado Los Colobos,* 2023 TSPR 120, 12(2023). Nuestro más alto foro fundamentó su posición basada en el Artículo 27.161 del Código Seguros, 26 LPRA sec. 2716a, que establece en uno de sus incisos "[n]o intentar de buena fe de llevar a cabo un ajuste rápido, justo y equitativo de una reclamación de la cual surja claramente la responsabilidad".

**III.**

En su recurso de Apelación, la parte apelante señala que erró el TPI al dictar sentencia sumariamente y determinar que la acción de daños y perjuicios en contra del Dr. Erick Cruz estaba prescrita, a pesar de que la evidencia y los autos demuestran que la parte apelante mantuvo viva su causa de acción mediante negociaciones extrajudiciales con PDM Insurance, aseguradora que

actuó en unión y representación de dicho galeno. De igual forma, señala, además, que erró nuestro foro primario al no tomar en consideración la evidencia presentada ante sí por la parte apelante mediante la oposición a la solicitud de sentencia sumaria instada por el Dr. Erick Cruz. Al tratarse de planteamientos similares entre sí, procedemos a resolver conjuntamente.

Examinada *de novo* la *Moción de Sentencia Sumaria* y su *Moción en Oposición a Sentencia Sumaria,* concluimos que no procedía la desestimación de la demanda contra el Dr. Erick Cruz, veamos.

Debemos comenzar recordando, que el término prescriptivo de una acción de daños y perjuicio se puede interrumpir mediante la presentación de una reclamación extrajudicial hecha por la parte perjudicada hacia la parte causante del daño.[17] De igual forma, el Tribunal Supremo ha expresado que, a tenor del Artículo 27.161 del Código Seguros, 26 LPRA sec. 2716a, y el Reglamento Núm. 2080 de 6 de abril de 1976 (Reglamento Núm. 2080), cuando una parte perjudicada mantiene comunicación de buena fe encaminadas al trámite ordinario de una reclamación con una aseguradora, está actuando como representante del causante por lo que queda interrumpido el término prescriptivo.[18] Por los fundamentos antes expuestos concluimos que le asiste razón a la parte apelante cuando alega que no procedía dictar sentencia sumaria parcial a favor del Dr. Erick Cruz, pues de los anejos acompañados surge que la parte apelante mantuvo conversaciones con la aseguradora PDM Insurance, en representación de su asegurado Dr. Erick Cruz, con miras a resolver el asunto

---

[17] Véase Artículo 1873 del Código Civil de 1930, 31 LPRA ant. sec.5303; *Nevárez Agosto v. United Surtey et al.,* supra, en la pág. 357; *Díaz Santiago v. International Textiles,* supa en la pág. 868.

[18] Véase Artículo 27.161 del Código Seguros, 26 LPRA sec. 2716a; Reglamento Núm. 2080 de 6 de abril de 1976 (Reglamento Núm. 2080); *Birriel Colón v. Supermercado Los Colobos,* 2023 TSPR 120, 12(2023).

extrajudicialmente hasta el 14 de enero de 2022.[19] En esencia, una mirada a los anejos sometidos por la parte apelante en su *Moción en Oposición a Sentencia Sumaria,* las comunicaciones cursadas por la aseguradora PDM Insurance, en representación y anuencia de su asegurado Dr. Erick Cruz, hacia la parte apelante nos dejan saber que esta mantuvo conversaciones con su asegurado durante el periodo de 12 de julio de 2021 hasta el 14 de enero de 2022 respecto a la reclamación extrajudicial solicitada por la parte apelante.[20] Al culminar las conversaciones habidas entre la parte apelante y PDM Insurance, en representación de su asegurado Dr. Erick Cruz, el 14 de enero de 2022, la presentación de la demanda el 11 de enero de 2023 fue oportuna por lo que no procedía que se dictara *Sentencia Sumaria Parcial* por lo que incidió el TPI al desestimar la acción contra el Dr. Erick Cruz.

**IV.**

Por los fundamentos anteriormente expuestos, se revoca la *Sentencia Sumaria Parcial* dictada el 14 de septiembre de 2023, notificada el 22 de septiembre de 2023, por el Tribunal de Primera Instancia, Sala Superior de Mayagüez y se reinstala la acción en daños y perjuicios instada por la Suc. Magdalena González Villarrubia compuesta por la Sra. Zulma Rodríguez González, la Sra. Nancy Haydee González González y la Sra. Magda Josefa González González contra el Dr. Erick G. Cruz.

Lo acordó y manda el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[19] Véase Apéndice de la parte demandante-apelante, en el Anejo 3 en las págs. 24, 27 y 31; Apéndice de la parte demandante-apelante, en el Anejo 4 en las págs.51, 52, 53, 72,73 y 74.

[20] Véase Apéndice de la parte demandante-apelante, en el Anejo 4 en las págs.53, 72 y 74.