Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| GLORIVEE ALVAREZ RODRIGUEZ  RECURRIDA  v.  MAPFRE PRAICO INSURANCE COMPANY y otros  PETICIONARIA | TA2025CE00828 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón  Caso Núm. BY2024CV03117  Sobre: DAÑOS Y PERJUICIOS |
|---|---|---|

Panel integrado por su presidenta, la Jueza Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez.

Lotti Rodríguez, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de enero de 2026.

Comparece ante nos, Mapfre Praico Insurance Company (en adelante, Mapfre o peticionaria), mediante *Petición de Certiorari* y nos solicita que revisemos la *Resolución y Orden* emitida el 6 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (en adelante, TPI, foro primario o foro recurrido). Mediante el referido dictamen, el TPI declaró No Ha Lugar la *Moción de Desestimación por prescripción* presentada por la parte peticionaria.

Por los fundamentos que exponemos a continuación, se expide el auto de *certiorari* y se revoca la resolución recurrida. En su consecuencia, se *desestima* la demanda contra Mapfre.

**I.**

El 30 de mayo de 2024, la Sra. Glorivee Álvarez Rodríguez (en adelante, señora Álvarez o recurrida), presentó una *Demanda*[1] sobre daños y perjuicios contra John Doe h/n/c Beautiful Shot Spa y

---

[1] Entrada Núm. 1 SUMAC del TPI.

ACME, como nombre ficticio de cualquier otra persona natural o jurídica que pudiera ser responsable por los alegados daños sufridos por la recurrida. Sobre la inclusión de estas partes de nombre desconocido, señaló que:

> 3. Se incluyen también como partes codemandadas en nombre ficticio ACME por desconocerse sus verdaderos nombres en estos momentos a las personas naturales y/o jurídicas, corporaciones, aseguradoras u cualquier otra quienes pudieran ser responsables y que deban responderles en su capacidad personal y/u oficial por sus actos y/u omisiones a los demandantes por los daños sufridos por la demandante.

La señora Álvarez alegó que, el 3 de enero de 2023, mientras se encontraba en las facilidades de Beautiful Shot Spa, en Guaynabo, haciendo uso de las escaleras de acceso sufrió una caída. Asimismo, señaló que luego de haberse caído se percató de que los peldaños de las escaleras estaban mojados y húmedos, que no eran seguros y que sus cualidades físicas los hacían imperceptibles a la vista. Además, que el material de la losa que cubría las escaleras no era seguro. Alegó haber sufrido traumas que requirieron que recibiera atención médica y que el término prescriptivo se había interrumpido mediante reclamación judicial. Atribuyó la caída a la actuación culposa y negligente de John Doe h/n/c Beautiful Shot Spa y solicitó al tribunal que, debido a los alegados daños sufridos, condenara a los demandados al pago de una suma no menor de $80,000.00 por daños físicos y $20,000.00 por angustias mentales.

Tras varios incidentes procesales, Beautiful Shot Spa, Inc., compareció el 5 de diciembre de 2024, mediante su *Contestación a Demanda.*[2]

Posteriormente, el 14 de agosto de 2025 la señora Álvarez presenta *Moción Solicitando Permiso para Enmendar Demanda*[3] dado que fueron informados, el 13 de agosto de 2025, de la posibilidad de

---

[2] Entrada Núm. 28 SUMAC del TPI.
[3] Entrada Núm. 41 SUMAC del TPI.

una póliza de seguros en manos de Mapfre Praico Insurance Company, para las facilidades donde ocurrieron los eventos. Ese mismo día, radicaron una *Demanda Enmendada*[4] para incluir a la aseguradora Mapfre.

El 30 de noviembre de 2025, Mapfre compareció al pleito mediante *Moci[ó]n de Desestimaci[ó]n por prescripci[ó]n*[5] y el 1 de octubre de 2025 la parte recurrida presentó una *Breve Oposición a Desestimación.*[6]

Atendidos los escritos de las partes, el 6 de octubre de 2025, el TPI emitió una *Resolución y Orden*[7] en la cual declaró No Ha Lugar la solicitud de desestimación presentada por Mapfre, quien en desacuerdo presentó una *Moci[ó]n de Reconsideraci[ó]n*[8] el 21 de octubre de 2025.

Subsiguiente y en cumplimiento de orden, el 27 de octubre de 2025, la señora Álvarez presentó una *Oposición a Moción de Reconsideración y solicitud se declare sin lugar*[9] y en esa misma fecha el TPI declaró No Ha Lugar la solicitud de reconsideración presentada por Mapfre.[10]

Inconforme con ello, el 26 de noviembre de 2025 la parte peticionaria comparece ante nos y plantea como único error:

> ERRÓ EL TPI EN SU RESOLUCIÓN INTERLOCUTORIA DEL 6 DE OCTUBRE DE 2025 QUE DECLARÓ NO HA LUGAR LA MOCIÓN DE DESESTIMACIÓN POR PRESCRIPCION PRESENTADA POR MAPFRE, FUDAMENTANDO SU DETERMINACION EN LA TEORIA COGNOCITIVA DEL DAÑO.

La parte recurrida no compareció por escrito, por lo que se entiende el recurso como perfeccionado y procedemos a resolver.

---

[4] Entrada Núm. 42 del SUMAC del TPI.
[5] Entrada Núm. 53 del SUMAC del TPI.
[6] Entrada Núm. 55 del SUMAC del TPI.
[7] Entrada Núm. 56 del SUMAC del TPI.
[8] Entrada Núm. 58 del SUMAC del TPI.
[9] Entrada Núm. 63 del SUMAC del TPI.
[10] Entrada Núm. 64 del SUMAC del TPI.

**II.**

**A**.

El recurso de *certiorari* es un mecanismo procesal de carácter discrecional que faculta a un tribunal de mayor jerarquía a revisar las decisiones emitidas por un tribunal inferior. *BPPR v. SLG Gómez-López*, 213 DPR 314, 336 (2023); *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021). "La característica distintiva de este recurso se asienta en la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *BPPR v. SLG Gómez-López, supra*, pág. 337; *Rivera et al. v. Arcos Dorados et al., supra*, pág. 209; *IG Builders et. al. v. BBVAPR*, 185 DPR 307, 338 (2012). Esta discreción, se ha definido como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *Pueblo* v. *Rivera Montalvo*, 205 DPR 352, 373 (2020); *Negrón* v. *Srio de Justicia*, 154 DPR 79, 91 (2001). Sin embargo, la discreción para expedir el recurso no es irrestricta, ni autoriza al tribunal a actuar de una forma u otra en abstracción del resto del Derecho. *Pueblo v. Rivera Montalvo*, supra, pág. 372 (citando a *Negrón v. Srio. De Justicia, supra*; *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016)).

Por otra parte, la Regla 52.1 de Procedimiento Civil de 2009, 32 LPRA Ap. V, dispone que el recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el foro primario, solamente será expedido por este Tribunal cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 de Procedimiento Civil o de la denegatoria de una moción de carácter dispositivo. Ahora bien, por excepción este foro apelativo podrá revisar órdenes o resoluciones interlocutorias dictadas por el TPI cuando se recurra de: (1) decisiones sobre la admisibilidad de testigos de hechos o

peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) casos de relaciones de familia; (5) casos que revistan interés público; (6) o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. En los casos antes mencionados, el foro apelativo no tiene que fundamentar su decisión al denegar la expedición de un recurso de *certiorari.*

Asimismo, con el fin de que podamos ejercer de manera sabia y prudente la facultad discrecional de entender o no en los méritos de los asuntos que nos son planteados mediante el recurso de *certiorari*, la Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendado, *In re Aprob Enmdas. Reglamento TA*, 2025 TSPR 141, 216 DPR ___ (2025), R. 40, nos señala los criterios que debemos considerar al atender una solicitud de expedición de un auto de *certiorari.* En lo pertinente, la Regla 40 dispone lo siguiente:

El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:

(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ahora bien, ninguno de los criterios antes citados es determinante por sí solo y no constituye una lista exhaustiva. *García v. Padró*, 165 DPR 324, 335 esc. 15 (2005) (citando a H. Sánchez Martínez, *Derecho Procesal Apelativo*, Hato Rey, Lexis-Nexis de Puerto Rico, 2001, pág. 560). Por lo general, los tribunales revisores no intervienen con el manejo de los casos de los tribunales de instancia, salvo que "se demuestre que este último actuó con prejuicio o parcialidad, que hubo un craso abuso de discreción, o que se equivocó en la interpretación o aplicación de alguna norma procesal o de derecho sustantivo". *Rivera y Otros v. Bco. Popular*, 152 DPR 140, 155 (2000) (citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986)). En tal sentido, al optar por no expedir el auto solicitado, no se está emitiendo una determinación sobre los méritos del asunto o cuestión planteada, por lo que esta puede ser presentada nuevamente a través del correspondiente recurso de apelación. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**B.**

El Código Civil establece que la persona que por culpa o negligencia causa daño a otra, viene obligada a repararlo. Artículo 1536, 31 LPRA sec. 10801. Por otro lado, nuestro Código Civil define la prescripción como una defensa que se opone a quien no ejercita un derecho o acción dentro del plazo de tiempo que la ley fija para invocarlo. Artículo 1189, 31 LPRA sec. 9481.

El Artículo 1204(a) del Código Civil, 31 LPRA sec. 9496, dispone que prescribe por el transcurso de un (1) año, la

reclamación para exigir responsabilidad extracontractual, contado desde que la persona agraviada conoce la existencia del daño y quien lo causó. En *Fraguada Bonilla v. Hosp. Aux. Mutuo,* 186 DPR 365, 389 (2012), nuestro Tribunal Supremo resolvió que se requiere interrumpir individualmente los términos prescriptivos de las causas de acción de daños contra cada cocausante de un daño. En *Maldonado Rivera v. Suárez y otros,* 195 DPR 182, 208 (2018), el Tribunal Supremo resolvió que un presunto cocausante de un daño no puede acumular al pleito a otro presunto cocausante contra quien la causa de acción del demandante prescribió.

Por otro lado, y como parte de la doctrina sobre la prescripción extintiva, nuestro Tribunal Supremo ha reconocido la teoría cognoscitiva del daño. Esta teoría es una excepción a la norma general de que un término prescriptivo comienza a transcurrir cuando objetivamente ocurre el daño, pues desde ese momento se podría ejercer una causa de acción. La teoría cognoscitiva del daño establece que una causa de acción en particular surge cuando el perjudicado descubrió o pudo descubrir el daño y la identidad de la persona que lo causó, y conoció los elementos necesarios para poder ejercitar efectivamente su causa de acción. *Santiago v. Ríos Alonso,* 156 DPR 181, 189 (2002). A tenor con ello, el término para ejercer una acción no comienza a transcurrir cuando se sufre el daño, sino cuando se conocen los elementos necesarios para ejercitar la acción. *Padín v. Cía. Fom. Ind.,* 150 DPR 403, 411 (2000); *COSSEC v. González López,* 179 DPR 793, 806 (2010).

### c.

La materia de seguros en Puerto Rico está investida de un alto interés público, dado que juega un gran papel en la protección de los riesgos que amenazan la vida o el patrimonio de la ciudadanía. *WMM, PFM et al. v. Colegio et al.,* 211 DPR 871, 884 (2023); *San Luis Center Apts. et al. v. Triple-S,* 208 DPR 824, 831 (2022); *Rivera Matos*

*et al. v. Triple-S et al.*, 204 DPR 1010, 1019 (2020); *R.J. Reynolds v. Vega Otero*, 197 DPR 699, 706 (2017). Los seguros son uno de los principales soportes en nuestra jurisdicción, ya que protegen o amortiguan los riesgos que puede experimentar cualquier persona, debido a las inclemencias del tiempo, accidentes y enfermedades, entre otros. *San Luis Center Apts. et al. v. Triple-S, supra,* pág. 832.

Dado a que los seguros son de gran importancia en la cotidianidad del ciudadano común, esta industria ha sido extensamente reglamentada mediante la Ley Núm. 77 de 19 de junio de 1957, según enmendada, conocida como el Código de Seguros de Puerto Rico, 26 LPRA sec. 101 *et seq.* (Código de Seguros de Puerto Rico), y de manera supletoria por el Código Civil. *WMM, PFM et al. v. Colegio et al., supra,* pág. 885.

Ahora bien, en los seguros, si los términos de la póliza son claros, específicos y ausentes de ambigüedad, su cumplimiento será obligatorio pues el contenido del contrato constituye la ley entre las partes. *Barreto Nieves etl al. v. East Coast*, 213 DPR 852, 864, (2024); *San Luis Center Apts. v. Triple-S, supra,* pág. 832. Los términos de una póliza se entenderán que están claros cuando su lenguaje sea específico y no sea susceptible a distintas interpretaciones. *San Luis Center Apts. v. Triple-S, supra,* pág. 833. No obstante, al evaluar el alcance de la protección brindada por una póliza, "es necesario examinar si existen cláusulas de exclusión en el contrato mediante las cuales la aseguradora exceptúa determinados eventos, riesgos o peligros de la cubierta". *Rivera Matos et al. v. Triple-S et al., supra,* pág. 1021.

En lo pertinente, nuestro ordenamiento en materia de seguros le permite a una persona perjudicada presentar una acción directamente contra una aseguradora para reclamar el pago de los daños y perjuicios causados por el asegurado. El término prescriptivo para presentar las acciones de daños y perjuicios contra

las entidades aseguradoras es de un (1) año. Es así, ya que, a pesar de tratarse de una acción directa, separada y distinta, la responsabilidad de uno y otra emanaba del mismo artículo del Código Civil. *Birriel Colón v. Econo y otro*, 213 DPR 80, 94 (2023); *Ruiz Millán v. Maryland Cas. Co.*, 101 DPR 249, 251 (1973).

Como regla general, el asegurador y el asegurado no responden solidariamente ante las personas perjudicadas, puesto que para que exista solidaridad entre una compañía aseguradora y el asegurado, ello debe surgir claramente del contrato de seguros. Por consiguiente, ante la inexistencia de solidaridad entre una aseguradora y su asegurado, la persona perjudicada deberá interrumpir el término prescriptivo individualmente frente a cada uno si desea dirigir una causa de acción en contra de ambos. *Id.* Esto debido a que, un asegurador no figura como un cocausante del daño en el contexto de una demanda de daños y perjuicios presentada en contra de su asegurado. Por consiguiente, una causa de acción contra una compañía aseguradora no está sujeta a los parámetros de la teoría cognoscitiva del daño ni a la doctrina establecida en *Fraguada Bonilla* y su progenie. *Menéndez Lebrón y otros v. Rodríguez Casiano y otros*, 203 DPR 885 (2020) (Sentencia).

**III.**

En el presente caso, Mapfre recurre de una denegatoria del TPI a una solicitud de desestimación de la causa de acción por prescripción. Según surge del expediente, por hechos ocurridos alegadamente el 3 de enero de 2023, la parte recurrida instó una *Demanda* el 10 de febrero de 2023, bajo el número BY2023CV00754, contra John Doe h/n/c Beautiful Shot Spa y ACME, por desconocerse su verdadero nombre en estos momentos, como persona natural o jurídica, corporaciones, aseguradoras u cualquier otra quienes pudieran serle responsables a la recurrida.

Posteriormente, a solicitud de la parte, el 24 de julio de 2023 el foro primario emitió una *Sentencia* de archivo sin perjuicio.[11]

El 30 de mayo de 2024, la parte recurrida presentó nuevamente una *Demanda* en contra de los mismos codemandados, John Doe h/n/c Beautiful Shot Spa y ACME, por desconocerse su verdadero nombre en estos momentos, como persona natural o jurídica, corporaciones, aseguradoras u cualquier otra quienes pudieran serle responsables a la demandante. Subsiguientemente, el 14 de agosto de 2025 la parte recurrida presentó una *Moción Solicitando Permiso para Enmendar Demanda* dado que fueron informados, el 13 de agosto de 2025, de la posibilidad de una póliza de seguros en manos de Mapfre, para las facilidades donde ocurrieron los eventos. Ese mismo día, radicaron una *Demanda Enmendada*, para incluir como una nueva parte demandada a la aseguradora Mapfre. En la misma mantuvieron como codemandados a John Doe h/n/c Beautiful Shot Spa y a ACME, por desconocerse su verdadero nombre en estos momentos, como persona natural jurídica, corporaciones, aseguradoras u cualquier otra quienes pudieran serle responsables a la demandante.

Según la *Demanda Enmendada*, designa a la codemandada Mapfre como la compañía de seguros que mantenía en pleno vigor y eficacia una póliza de seguros a favor de su asegurado, quien es la empresa o entidad encargada de la administración, mantenimiento, cuidado y/o conservación de las facilidades donde ocurre el accidente.

Es decir, luego de transcurrido haber transcurrido dos (2) años y siete (7) meses de los alegados hechos que generan la causa de acción de daños y perjuicios, y sin haber demostrado el haber interrumpido el término prescriptivo de un (1) año, la parte recurrida

---

[11] Véase Entrada Núm. 5 del caso BY2023CV00754 en el SUMAC del TPI.

radicó una demanda enmendada para incluir por primera vez a Mapfre como aseguradora. Como se desprende del expediente judicial, la parte recurrida no solicitó la sustitución del codemandado ACME, como posible aseguradora, para incluir a Mapfre como parte demandada. Por el contrario, enmendó la demanda para añadir como demandado adicional a la aseguradora Mapfre.

Conforme la normativa antes citada, el asegurado y el asegurador no responden solidariamente ante las personas perjudicadas de un daño. Para que exista solidaridad entre una compañía aseguradora y el asegurado, ello debe surgir expresamente del contrato de seguros. Por consiguiente, la persona perjudicada deberá interrumpir el término prescriptivo de la causa de acción individualmente frente a cada uno si desea dirigir una causa de acción en contra de ambos. Indudablemente, la parte recurrida presentó la causa de acción de daños contra la compañía aseguradora Mapfre fuera del término prescriptivo de un año. En su consecuencia, procedía la desestimación por prescripción de la causa de acción.

**IV.**

Por los fundamentos que anteceden, se expide el auto de *Certiorari,* se revoca la resolución recurrida y se *desestima* la demanda contra la aseguradora Mapfre.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones