Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL V ESPECIAL[1]

| | | |
|---|---|---|
| MARÍA ANGÉLICA PASTOR ESCOBAR<br><br>*Recurrida*<br><br>v.<br><br>JOSÉ YAMIL BÁEZ MELÉNDEZ Y OTROS<br><br>*Peticionarios* | KLCE202400662 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Caguas<br><br>Caso Núm.: CG2022CV00120 (801)<br><br>Sobre: *Injunction* (Entredicho Provisional, *Injunction* Preliminar y Permanente) y otros |

Panel integrado por su presidente, el Juez Hernández Sánchez, la Jueza Santiago Calderón y la Jueza Álvarez Esnard

Santiago Calderón, Jueza Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 17 de julio de 2024.

Comparece ante nos el señor José Yamil Báez Meléndez, (señor Báez Meléndez o peticionario) mediante recurso de *Certiorari* y solicita la revisión de la *Resolución* emitida y notificada el 18 de abril de 2024, por el Tribunal de Primera Instancia, Sala Superior de Caguas (TPI o foro primario). Mediante el referido dictamen, el foro primario declaró No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por el peticionario. Posteriormente, el peticionario presentó *Urgente Moción en Solicitud de Determinaciones Adicionales de Hecho y Reconsideración,* la cual fue declarada No Ha Lugar.

Por los fundamentos que exponemos a continuación, **expedimos** el auto de *certiorari* y **confirmamos** el dictamen recurrido.

---

[1] El recurso de epígrafe fue asignado a este Panel conforme a lo dispuesto en la Orden Administrativa OAJP-2021-086 sobre Normas para la Asignación de Recursos Nuevos Previamente Presentados en el Tribunal de Apelaciones, emitida el 4 de noviembre de 2021, con efectividad del 10 de enero de 2022.

## I.

La génesis de este caso ocurrió el 20 de enero de 2022, cuando la señora María Angélica Pastor Escobar (señora Pastor Escobar o recurrida) presentó una *Demanda*[2] de *injunction* y sentencia declaratoria contra el señor Báez Meléndez. En síntesis, alegó que el señor Paul Escobar Juárez (señor Escobar Juárez o causante)[3] era el único dueño y accionista de la corporación Escotech, Inc.; y que, mediante testamento, la instituyó como heredera universal de todos sus bienes. Arguyó que el peticionario fungió como testigo instrumental en la aludida escritura. Señaló, además, que días antes de la muerte del señor Escobar Juárez, el peticionario, que era empleado de la corporación, gestionó la preparación y firma de una Resolución Corporativa mediante la cual el causante lo designó como Presidente, y alegaba ser el dueño de las acciones, por virtud de una donación. Sostuvo que la alegada donación, de haberse efectuado, era nula, pues el ordenamiento jurídico requiere que las donaciones verbales de bienes muebles se efectúen mediante la entrega simultánea de las acciones, lo cual no ocurrió en este caso. A su vez, indicó que el peticionario se apropió de los bienes, libros y documentos de la corporación y les negó el acceso a estos.

Por todo lo anterior, la señora Pastor Escobar solicitó los siguientes remedios: 1) que se dictara sentencia a los fines de declarar que ésta era la única titular de las acciones de la corporación; 2) que se ordenara al peticionario a entregar todos los bienes y documentos pertenecientes al señor Escobar Juárez y a la corporación; y 3) que se le ordenara al peticionario a abstenerse de llevar a cabo gestiones dirigidas a asumir la dirección y titularidad de la corporación.

---

[2] Apéndice del recurso de *certiorari*, págs. 1-36.
[3] Surge de la Demanda que el causante era el tío de la parte aquí recurrida.

Luego de múltiples trámites procesales y referente a la controversia que nos corresponde atender, el 1 de noviembre de 2023, el señor Báez Meléndez presentó una *Solicitud de Sentencia Sumaria a favor de la parte Demandada*[4]. En esta, adujo que en septiembre de 2019 ocurrió una donación válida en remedio. Además, argumentó que la Resolución Corporativa y la donación verbal de las acciones se realizaron conforme a derecho, por lo que, los remedios solicitados en la demanda eran improcedentes. Señaló que no existía impedimento alguno para que el señor Escobar Juárez le donara las acciones de la corporación, toda vez que la señora Pastor Escobar no era una heredera forzosa y el causante podía disponer de su caudal sin limitación alguna. Por último, señaló que no era necesaria la entrega física de las acciones para que la donación fuera válida y eficaz. Por tanto, solicitó la desestimación de la causa de acción en su contra.

Por su parte, el 16 de noviembre de 2023, la señora Pastor Escobar presentó *Oposición de la Demandante a Moci[ó]n de Sentencia Sumaria del Demandado*[5]. En esencia, alegó que la solicitud de sentencia sumaria presentada por el peticionario era improcedente en derecho, toda vez que la misma estaba basada en prueba de referencia totalmente inadmisible, en específico, porque utilizó alegadas expresiones vertidas por el causante señor Escobar Juárez. Además, señaló que el peticionario modificó su testimonio, el cual había sido previamente vertido bajo juramento.

Al día siguiente, el peticionario presentó *Moción urgente en r[é]plica a la oposición de la parte demandante a la Moción de Sentencia Sumaria del Demandado*[6]. En síntesis, adujo que la

---

[4] Apéndice del recurso de *certiorari*, págs. 68-95.
[5] Apéndice del recurso de *certiorari*, págs. 132-153.
[6] Entrada Núm. 234 del Sistema Unificado de Manejo y Administración de Casos (SUMAC).

oposición presentada por la recurrida no cumplía con las disposiciones de la Regla 36 de Procedimiento Civil[7].

Luego de varias incidencias procesarles innecesarias pormenorizar, el 1 de abril de 2024, se celebró vista sobre el estado de los procedimientos y el TPI determinó dos (2) controversias para adjudicar por el tribunal, a saber:

> a. si la donación hecha por el Sr. Paul Escobar Juárez al Sr. José Yamil Báez Meléndez en septiembre de 2019, es válida en derecho.
>
> b. si la ratificación de la donación hecha mediante la Resolución Corporativa del 14 de mayo de 2021 es válida en derecho[8].

Además, estableció que los siguientes hechos no estaban en controversia:

> 1. El demandado, Sr. José Yamil Báez Meléndez es un profesional que se ha desempeñado por muchos años en la industria farmacéutica.
>
> 2. La parte demandada, José Yamil Báez Meléndez colabora con la Corporación Escotech, Inc. desde el año 2005.
>
> 3. El 12 de septiembre de 2019, el Sr. Paul Escobar Juárez otorgó un testamento mediante escritura número 247 ante el Notario Público Pedro Juan Caride Cruz.
>
> 4. Los testigos instrumentales identificados en el testamento, fueron el Sr. José Yamil Báez Meléndez, la Sra. Addie Andreu Pérez y la Sra. Jacqueline Venetta Henry Pemberton. En dicho testamento se instituyó como heredera a la Sra. María Angélica Pastor Escobar[9].

El 18 de abril de 2024, el TPI emitió *Resolución*[10] en la que declaró No Ha Lugar la *Solicitud de Sentencia Sumaria a favor de la parte Demandada* presentada por el señor Báez Meléndez y señaló vista evidenciaria adjudicativa.

En desacuerdo, el 30 de abril de 2024, el señor Báez Meléndez presentó un escrito intitulado *Urgente Moción en Solicitud de Determinaciones Adicionales de Hecho y Reconsideración de Resolución del 18 de abril de 2024*[11]. En esencia, sostuvo que el TPI

---

[7] 32 LPRA Ap. V, R. 36.3.
[8] Apéndice del recurso de certiorari págs. 214-222.
[9] *Íd.*
[10] Apéndice del recurso de *certiorari*, págs. 214-222.
[11] Apéndice del recurso de *certiorari*, págs. 223-239.

erró al no concluir que, conforme a la totalidad de los hechos incontrovertidos, la transferencia de las acciones fue conforme a derecho y que, por tanto, procede que se declare sin lugar la Demanda de epígrafe[12].

Por su parte, el 20 de abril de 2024, la recurrida compareció mediante *Oposición a Urgente Moción en Solicitud de Determinaciones Adicionales de Hecho y Reconsideración de Resolución del 18 de abril de 2024*[13].

El 24 de mayo de 2024, el TPI emitió una *Resolución*[14], en la que acogió los fundamentos presentados por la parte recurrida y declaró No Ha Lugar a la moción de reconsideración sobre orden protectora promovida por el peticionario.

Inconforme aún, el 14 de junio de 2024, el señor Báez Meléndez acudió ante nos mediante el recurso de epígrafe y le imputó al TPI la comisión de los siguientes errores:

> INCURRIÓ EN ERROR EL HONORABLE TPI AL NO CUMPLIR CON EL MANDATO DE LA REGLA 36.4 DE LAS DE PROCEDIMIENTO CIVIL VIGENTES, LA CUAL EXIGE QUE EL TPI CONSIGNE TODOS AQUELLOS HECHOS ESENCIALES Y PERTINENTES SOBRE LOS CUALES NO HAY CONTROVERSIA SUSTANCIAL, ASÍ COMO AQUELLOS HECHOS ESENCIALES Y PERTINENTES QUE ESTÁN REALMENTE Y DE BUENA FE CONTROVERTIDOS.
>
> EL HONORABLE TPI INCURRIÓ EN ERROR DEBIDO A QUE, EN SU RESOLUCIÓN DEL 18 DE ABRIL DE 2024, NO INCLUYÓ COMO DETERMINACIONES UNOS HECHOS INCONTROVERTIDOS Y ENSENCIALES, A PESAR DE QUE LOS MISMOS ESTÁN SOSTENIDOS POR PRUEBA DOCUMENTAL INCONTROVERTIDA.
>
> ERRÓ EL HONORABLE TPI AL NO RESOLVER QUE LA DONACIÓN DE ACCIONES EN ESTE CASO CUMPLE CON LOS REQUISITOS EN LEY TODA VEZ SE TRATA DE UNA DONACIÓN DE ACCIONES CORPORATIVAS (INTANGIBLE) Y NO UN OBJETO.
>
> ERRÓ EL TPI AL NO CONSIDERAR NI APLICAR EL DERECHO VIGENTE PARA RESOLVER QUE LA DONACIÓN DE LAS ACCIONES HECHA POR EL SR. PAUL ESCOBAR JUÁREZ AL SR. BÁEZ EN SEPTIEMBRE DE 2019, FUE RATIFICADA MEDIANTE LA RESOLUCIÓN CORPORATIVA DEL 14 DE MAYO DE 2021.

---

[12] Apéndice del recurso de *certiorari*, págs. 223-239.
[13] Apéndice del recurso de *certiorari*, págs. 240-254.
[14] Apéndice del recurso de *certiorari*, pág. 663.

En respuesta, el 1 de julio de 2024, la recurrida compareció mediante *Memorando en Oposición a Recurso de Certiorari al Amparo de Resolución del Tribunal de Apelaciones.* Con el beneficio de la comparecencia de todas las partes, procedemos a exponer el derecho aplicable.

## II.

### -A-

El Tribunal Supremo de Puerto Rico ha expresado en varias ocasiones que la sentencia sumaria es un remedio extraordinario y discrecional[15] que sólo se debe conceder cuando no existe una controversia genuina de hechos materiales y lo que resta es aplicar el derecho[16]. En términos generales, al dictar sentencia sumaria, el tribunal deberá hacer lo siguiente:

> (1) analizar los documentos que acompañan la solicitud de sentencia sumaria y los que se incluyen con la moción en oposición, así como aquellos que obren en el expediente del tribunal;
>
> (2) determinar si el oponente de la moción controvirtió algún hecho material y esencial, o si hay alegaciones de la demanda que no han sido controvertidas o refutadas en forma alguna por los documentos[17].

Analizados estos criterios, el tribunal no dictará sentencia sumaria cuando existan hechos materiales y esenciales controvertidos; cuando haya alegaciones afirmativas en la demanda que no han sido refutadas; cuando surja de los propios documentos que acompañan la moción una controversia real sobre algún hecho material y esencial, o cuando como cuestión de derecho, no procede[18]. La sentencia sumaria se puede dictar a favor o en contra de la parte que la solicita, según proceda en Derecho[19].

---

[15] *Birriel Colón v. Econo y Otros*, 2023 TSPR 120, 213 DPR ___ (2023); *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601 (2023); *Segarra Rivera v. Int'l Shipping et al.*, 208 DPR 964 (2022); *Delgado Adorno v. Foot Locker Retail*, 208 DPR 622 (2022); *Maldonado v. Cruz*, 161 DPR 1, 39 (2004).
[16] *Serrano Picón v. Multinational Life Ins., supra.*
[17] *Vera v. Dr. Bravo*, 161 DPR 308, 334 (2004).
[18] *Íd.*, págs. 333-334.
[19] *Maldonado v. Cruz, supra.*

Por tratarse de un remedio discrecional, el uso del mecanismo de sentencia sumaria tiene que ser mesurado y solo procederá cuando el tribunal quede claramente convencido de que tiene ante sí documentos no controvertidos[20]. Es importante mencionar que, este Tribunal utilizará los mismos criterios que el Tribunal de Primera Instancia al determinar si procede una moción de sentencia sumaria[21].

Los criterios que este foro intermedio debe tener presentes al atender la revisión de una sentencia sumaria son los siguientes:

1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario;

2) revisar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36, *supra;*

3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos;

4) y de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia[22].

En lo pertinente al término para presentar una solicitud de sentencia sumaria, la Regla 36.2 de las Reglas de Procedimiento Civil dispone lo siguiente:

Una parte contra la cual se haya formulado una reclamación podrá presentar, a partir de la fecha en que fue emplazado **pero no más tarde de los treinta (30) días siguientes a la fecha límite establecida por el tribunal para concluir el descubrimiento de prueba**, una moción fundada en declaraciones juradas o en aquella evidencia que demuestre la inexistencia de una controversia sustancial de hechos esenciales y pertinentes, para que el tribunal dicte sentencia sumariamente a su favor sobre la totalidad o cualquier parte de la reclamación[23].(Énfasis suplido).

---

[20] *Íd.*, pág. 334.
[21] *Íd.*
[22] *Roldán Flores v. M. Cuebas, et al.,* 199 DPR 664, 679 (2018).
[23] 32 LPRA Ap. V, R. 36.2.

**-B-**

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior[24]. Distinto a los recursos de apelación, el tribunal de superior jerarquía tiene la facultad de expedir el auto de *Certiorari* de manera discrecional. La discreción del foro apelativo intermedio "debe responder a una forma de razonabilidad, que, aplicada al discernimiento judicial, sea una conclusión justiciera y no un poder para actuar en una forma u otra, haciendo abstracción del resto del Derecho"[25]. De esa manera, la discreción se "nutr[e] de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia; no es función al antojo o voluntad de uno, sin tasa ni limitación alguna". (Citas omitidas)[26].

Ahora bien, dicha "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[27], enumera los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas"[28]. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de *certiorari* o de una orden de mostrar causa:
>
> (A)   Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
> (B)   Si la situación de hechos planteada es la más indicada para el análisis del problema.
> (C)   Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
> (D)   Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

---

[24] *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).
[25] *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).
[26] *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 435 (2013).
[27] 4 LPRA Ap. XXII-B, R. 40.
[28] *Torres Martínez v. Torres Ghigliotty, supra,* pág. 97.

(E)   Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.

(F)   Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G)   Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Sin embargo, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva"[29]. Por lo que, de los factores mencionados "se deduce que el foro apelativo intermedio evaluará tanto la *corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto,* para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio"[30].

El *certiorari,* como recurso extraordinario discrecional, debe ser utilizado con cautela y solamente por razones de peso[31]. Éste procede cuando no está disponible la apelación u otro recurso que proteja eficaz y rápidamente los derechos del peticionario[32]. Además, como se sabe, "los tribunales apelativos no debemos, con relación a determinaciones interlocutorias discrecionales procesales, sustituir nuestro criterio por el ejercicio de discreción del tribunal de instancia, salvo cuando dicho foro haya incurrido en arbitrariedad o craso abuso de discreción"[33].

Cónsono con lo anterior, el Tribunal Supremo de Puerto Rico ha expresado también que "de ordinario, el tribunal apelativo no intervendrá con el ejercicio de la discreción de los tribunales de instancia, salvo que se demuestre que hubo un craso abuso de discreción, o que el tribunal actuó con prejuicio o parcialidad, o que

---

[29] *García v. Padró,* 165 DPR 324, 327 (2005).
[30] *Torres Martínez v. Torres Ghiglioty, supra,* pág. 97.
[31] *Pérez v. Tribunal de Distrito,* 69 DPR 4, 7 (1948).
[32] *Pueblo v. Tribunal Superior,* 81 DPR 763, 767 (1960).
[33] *Meléndez v. Caribbean Int'l News,* 151 DPR 649, 664-665 (2000); *Lluch v. España Service Sta.,* 117 DPR 729, 745 (1986).

se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial"[34].

### III.

Previo a analizar sobre si procede o no la revocación de la resolución impugnada, este foro tiene que determinar si las partes cumplieron con los requisitos formales que nacen de la Regla 36 de Procedimiento Civil[35]. Al revisar tanto la *Solicitud de Sentencia Sumaria a favor de la parte Demandada* así como la *Oposición de la Demandante a Moci[ó]n de Sentencia Sumaria del Demandado,* juzgamos que la primera no cumple con los requisitos de forma recabados por la Regla 36.3 (a) (4) de Procedimiento Civil[36].

El peticionario, como promovente de su *Solicitud de Sentencia Sumaria a Favor de la Parte Demandada* tiene que cumplir con los requisitos de la Regla 36. 3 de las de Procedimiento Civil[37]. Éste tiene el peso de la prueba para establecer que no había hechos esenciales y pertinentes sobre los cuales no hubiese controversia sustancial, y acompañar su moción con prueba admisible que sustentara sus alegaciones. No obstante, el peticionario no satisfizo dicho requisito. Varios de los documentos contienen información subjetiva, aluden al contenido de conversaciones con terceros, narran eventos con el fin de delatar intención y propósitos mentales. En términos evidenciarios, no es posible dar por cierto y admitir su contenido sin dar a la otra parte la oportunidad de contrainterrogar y presentar prueba.

Una evaluación de la totalidad del expediente nos lleva a concluir que resulta correcta en Derecho la determinación del TPI de denegar la solicitud de sentencia sumaria. Por tanto, colegimos

---

[34] *Zorniak Air Servs. v. Cessna Aircraft Co.,* 132 DPR 170, 181 (1992).
[35] 32 LPRA Ap. V, R. 36.4
[36] 32 LPRA Ap. V, R. 36.3 (a) (4).
[37] *Íd.*

que es innecesario que entremos a revisar los méritos de los señalamientos de error.

En fin, al ejercer nuestro rol revisor no hemos encontrado que el foro de primera instancia haya incurrido en error, arbitrariedad o que errara en el ejercicio de su discreción al declarar no ha lugar la solicitud de sentencia sumaria interpuesta por el peticionario ni detectamos motivo para intervenir con su dictamen.

Por lo antes consignado y considerada la etapa procesal en que se encuentra el caso, resulta necesario expresar que procede la celebración de una vista evidenciaria como lo ha pautado el TPI. Con lo aquí resuelto, no estamos prejuzgando ni interviniendo en los méritos.

**IV.**

Por los fundamentos antes expuestos, **expedimos** el auto de *certiorari* y **confirmamos** el dictamen recurrido. En consecuencia, devolvemos el caso al foro de instancia para la celebración de la vista evidenciaria.

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones